### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:  KEITH ANTHONY JONES, DEBTOR                CHAPTER 7 PROCEEDING
                                                   CASE NO. 24-10583

### MOTION FOR RELIEF FROM AUTOMATIC STAY
### AND FOR OTHER RELIEF

COMES NOW, U.S. Bank Trust Company, National Association, as trustee, as successor-in-interest to U.S. Bank National Association, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2007-KS3, a party in interest in this cause, by and through its attorney, and moves this Court to lift the automatic stay as to certain property of the Debtor, and for other relief, and in support of said motion would respectfully show unto the Court the following to wit:

I.

That on or about February 29, 2024, the above named Debtor filed a voluntary petition in Bankruptcy pursuant to 11 U.S.C. Chapter 7.  By operation of 11 U.S.C. 362, the Plaintiff is prohibited from commitment of any judicial proceeding against the Defendant, any act to obtain possession of property of the estate, or any act to enforce any lien against the property of the estate.

II.

That the Bankruptcy Court has jurisdiction over this proceeding pursuant to 28 U.S.C. 1471 and 11 U.S.C. 362.

III.

That on or about June 27, 2006, Peggy Jean Jones and Keith Anthony Jones, did execute a certain Note and Deed of Trust in favor of Ownit Mortgage Solutions, Inc. and secured by the following real property located at 367 Jamison Rd, Holly Springs, MS 38635:

Parcel No. 1 of the survey and division of the Jasper Jones Estate land, comprised of the Northwest One Quarter of Section 18 and the Southwest One Quarter of the Southwest One Quarter of Section 7, all in Township 5 South, Range 4 West, Marshall County, Mississippi, more particularly described as follows, to-wit:

Beginning at the Southwest corner of the Northwest One Quarter of Section 18, Township 5 South, Range 4 West, Marshall County, Mississippi and thence run South 88 deg. 43 min. 37 sec. East along the half-section line a distance of 1387.55 ft. to a point; thence run North 0 deg. 54 min. 33 sec. East 2112.8 ft. to a point being the true point of beginning and the Southwest corner of Parcel 1; thence continue North 0 deg. 54 min. 33 sec. East 527.86 ft. to a point in the North line of Section 18; thence run South 88 deg. 45 min. 08 sec. East along said line 1499.95 ft. to the Half section line; thence run South 0 deg. 54 min. 33 sec. West along said line 528.52 ft. to a point; thence run North 88 deg. 43 min. West 1499.95 ft. to the point of beginning.

Also the perpetual use of that portion of the following described easement for ingress and egress which connects all of the above described parcel with the public roadway, said easement being described as follows, to-wit:

Beginning at a point in the South line of the Northwest One Quarter of Section 18, Township 5 South, Range 4 West, Marshall County, Mississippi a distance of 1362.55 ft. South 88 deg. 43 min. 37 sec. East from the Southwest corner of said Northwest One Quarter; thence run North 0 deg. 54 min. 33 sec. East a distance of 2665.65 ft. to a point being 25 ft. North of the North line of Section 18 (South line of Section 7); thence run South 88 deg. 45 min. 08 sec. East, parallel to said Section line, a distance of 86.13 ft. to a point being 25 ft. West of the East line of the Southwest One Quarter of the Southwest One Quarter of said Section 7; thence run North 0 deg. 51 min. 33 sec. East, parallel to said One Quarter section line, a distance of 1270.21 ft. to a point being 25 ft. South of the North line of said One Quarter section; thence run North 88 deg. 45 min. 34 sec. West parallel to said North line a distance of 1407.82 ft. to a point in the West line of said Section 7; thence run North 1 deg. 07 min. 26 sec. East along said line 25 ft. to the Northwest corner of said One Quarter section; thence run South 88 deg. 45 min. 34 sec. East along the North line of said One Quarter section a distance of 1432.70 ft. to the Northeast corner of said One Quarter section; thence run South 0 deg. 51 min. 33 sec. West along the East line of said One Quarter section distance of 1320.21 ft. to the South line of said Section 7 (North line of Section 18); thence run South 88 deg. 45 min. 08 sec. East along the said section line a distance of 1438.8 ft. to the East line of the Northwest One Quarter of Section 18; thence run South 0 deg. 54 min. 33 sec. West along said line 25 ft. to a point; thence run North 88 deg. 45 min. 08 sec. West, parallel to the North line of Section 18, a distance of 1474.95 ft. to a point; thence run South 0 deg. 54 min. 33 sec. West 2615.67 ft. to a point in the South line of said Northwest One Quarter; thence run North 88 deg. 43 min. 37 sec. West along said line 50 ft. to the point of beginning.

Said Deed of Trust is recorded in the Marshall County Chancery Clerk's office in Book 414 at Page 67. Further, said Note and Deed of Trust were subsequently assigned to Plaintiff by assignment recorded in the office of the Chancery Clerk aforesaid. A copy of said Deed of Trust attached hereto as an Exhibit as though fully copied herein. The value of the subject property is $175,000.00 according to the Debtor's Schedule A/B attached as Exhibit 1.

IV. Debtor

That the Debtor has defaulted in the payment of the current months' indebtedness and is now due and owing for the September 1, 2023 payment and all subsequent payments. That as of March 20, 2024, Plaintiff is due $4,478.11, plus all payments and charges that accrue hereafter. As of March 20, 2024, the payoff amount is $101,459.18.

V.

Plaintiff would show that sufficient cause exists for the termination, annulment or modification of the automatic stay as provided in 11 U.S.C.362 (d) (1) because of the failure of the Defendant to make the payments set forth above and because there is no equity in the property and because subject property is of inconsequential value or benefit to the estate and further that the Trustee should abandon the property pursuant to 11 U.S.C. §554(b). Plaintiff would urge the Court to terminate, modify or lift the automatic stay and abandon the subject property from the estate of the Debtor, so as to allow the Plaintiff to pursue all remedies available to it under the terms and conditions of said Deed of Trust, and applicable state law, including initiation of foreclosure proceedings. Plaintiff further asks for attorney fees and court costs incurred. Plaintiff also requests that the 14-day stay imposed by FRBP 4001(a)(3) be waived.

WHEREFORE, PREMISES CONSIDERED, U.S. Bank Trust Company, National Association, as trustee, as successor-in-interest to U.S. Bank National Association, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2007-KS3 files this Motion and prays that the automatic stay afforded by 11 U.S.C. 362 be terminated, modified or lifted, after notice and hearing, so as to allow Plaintiff to pursue its remedies and to initiate foreclosure proceedings against the property which is subject to said Deed of Trust, that the Trustee be ordered to abandon the property from the estate pursuant to 11 U.S.C. §554(b) and for attorney's fees and costs incurred. Plaintiff also requests that the 14-day stay imposed by FRBP 4001(a)(3) be waived.

Respectfully submitted
LOGS LEGAL GROUP LLP


 /s/ Eric C. Miller
William Savage #105785
Eric Miller #102327
Attorney for Creditor

## CERTIFICATE OF SERVICE

I, the undersigned, of the firm of LOGS Legal Group LLP, do hereby certify that I have this date provided a copy of the foregoing either by electronic case filing or by United States mail postage pre-paid to the following:

William L. Fava
wfava@mitchellcunninghamfava.com

Robert Hudson Lomenick, Jr., Attorney for Debtor
robert@northmsbankruptcy.com

Keith Anthony Jones
367 Jamison Rd
Holly Springs, MS 38635


Dated: April 2, 2024


Respectfully Submitted
LOGS LEGAL GROUP LLP


__/s/ Eric C. Miller_____
William Savage #105785
Eric Miller #102327
Attorney for Creditor


Presented by:
William Savage #105785
Eric Miller #102327
LOGS LEGAL GROUP LLP
1080 River Oaks Drive, Suite B-202
Flowood, MS 39232
Telephone No. (601) 981-9299
Facsimile No. (601) 981-9288
E-mail: logsecf@logs.com
BK Case No. 24-10583

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

IN RE:  KEITH ANTHONY JONES, DEBTOR                    CHAPTER 7 PROCEEDING
                                                        CASE NO. 24-10583

<u>ORDER GRANTING RELIEF FROM AUTOMATIC STAY</u>
<u>DOCKET NO. _____</u>

THIS CAUSE came on for consideration on the motion to lift automatic stay filed by

U.S. Bank Trust Company, National Association, as trustee, as successor-in-interest to U.S.

Bank National Association, as Trustee for Residential Asset Securities Corporation, Home

Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2007-KS3, and the Court finds

that the Debtor, Keith Anthony Jones, has failed to respond to plaintiff's Motion.

IT IS ORDERED AND ADJUDGED that the Automatic Stay provided for in 11 U.S.C.

362 be modified to allow U.S. Bank Trust Company, National Association, as trustee, as

successor-in-interest to U.S. Bank National Association, as Trustee for Residential Asset

Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series

2007-KS3 to pursue all remedies available to it under the applicable state law against Debtor's

property described as follows:

Parcel No. 1 of the survey and division of the Jasper Jones Estate land, comprised of the Northwest One Quarter of Section 18 and the Southwest One Quarter of the Southwest One Quarter of Section 7, all in Township 5 South, Range 4 West, Marshall County, Mississippi, more particularly described as follows, to-wit:

Beginning at the Southwest corner of the Northwest One Quarter of Section 18, Township 5 South, Range 4 West, Marshall County, Mississippi and thence run South 88 deg. 43 min. 37 sec. East along the half-section line a distance of 1387.55 ft. to a point; thence run North 0 deg. 54 min. 33 sec. East 2112.8 ft. to a point being the true point of beginning and the Southwest corner of Parcel 1; thence continue North 0 deg. 54 min. 33 sec. East 527.86 ft. to a point in the North line of Section 18; thence run South 88 deg. 45 min. 08 sec. East along said line 1499.95 ft. to the Half section line; thence run South 0 deg. 54 min. 33 sec. West along said line 528.52 ft. to a point; thence run North 88 deg. 43 min. West 1499.95 ft. to the point of beginning.

Also the perpetual use of that portion of the following described easement for ingress and egress which connects all of the above described parcel with the public roadway, said easement being described as follows, to-wit:

Beginning at a point in the South line of the Northwest One Quarter of Section 18, Township 5 South, Range 4 West, Marshall County, Mississippi a distance of 1362.55 ft. South 88 deg. 43 min. 37 sec. East from the Southwest corner of said Northwest One Quarter; thence run North 0 deg. 54 min. 33 sec. East a distance of 2665.65 ft. to a point being 25 ft. North of the North line of Section 18 (South line of Section 7); thence run South 88 deg. 45 min. 08 sec. East, parallel to said Section line, a distance of 86.13 ft. to a point being 25 ft. West of the East line of the Southwest One Quarter of the Southwest One Quarter of said Section 7; thence run North 0 deg. 51 min. 33 sec. East, parallel to said One Quarter section line, a distance of 1270.21 ft. to a point being 25 ft. South of the North line of said One Quarter section; thence run North 88 deg. 45 min. 34 sec. West parallel to said North line a distance of 1407.82 ft. to a point in the West line of said Section 7; thence run North 1 deg. 07 min. 26 sec. East along said line 25 ft. to the Northwest corner of said One Quarter section; thence run South 88 deg. 45 min. 34 sec. East along the North line of said One Quarter section a distance of 1432.70 ft. to the Northeast corner of said One Quarter section; thence run South 0 deg. 51 min. 33 sec. West along the East line of said One Quarter section distance of 1320.21 ft. to the South line of said Section 7 (North line of Section 18); thence run South 88 deg. 45 min. 08 sec. East along the said section line a distance of 1438.8 ft. to the East line of the Northwest One Quarter of Section 18; thence run South 0 deg. 54 min. 33 sec. West along said line 25 ft. to a point; thence run North 88 deg. 45 min. 08 sec. West, parallel to the North line of Section 18, a distance of 1474.95 ft. to a point; thence run South 0 deg. 54 min. 33 sec. West 2615.67 ft. to a point in the South line of said Northwest One Quarter; thence run North 88 deg. 43 min. 37 sec. West along said line 50 ft. to the point of beginning.

and being subject to that Deed of Trust recorded in the office of the Marshall County Chancery

Clerk's office in Book 414 at Page 67.  Entry of this order shall constitute the entry of a final

judgment pursuant to Bankruptcy Rule 9021 and Rule 58 of the Federal Rules of Civil Procedure

and shall be applicable to any subsequent Debtor conversion of this case to any other Chapter

under the Bankruptcy Code.

IT IS FURTHER ORDERED AND ADJUDGED that the Trustee shall abandon the

hereinabove described property from the estate pursuant to 11 U.S.C. §554(b).

**##END OF ORDER##**

Presented by:
William Savage #105785
Eric Miller #102327
LOGS LEGAL GROUP LLP
1080 River Oaks Drive, Suite B-202
Flowood, MS 39232
Telephone No. (601) 981-9299
Facsimile No. (601) 981-9288
E-mail: logsecf@logs.com
BK Case No. 24-10583

**United States Bankruptcy Court**
**Northern District of Mississippi**

In re: KEITH ANTHONY JONES

_Debtor(s)_

Case No.: 24-10583

Chapter: 7

## Corporate Ownership Statement

Pursuant to Federal Rules Bankruptcy Procedure and Mississippi Bankruptcy Local Rules,
U.S. Bank Trust Company, National Association                    , a

[Name of Corporate Party]

**[Check One]**

☑ Party to a contested matter **Miss. Bankr. L.R. 9014-1(c)**

☐ Corporate Debtor **FRPB 1007(a)(1)**

☐ Corporate Petitioner of an involuntary petition **FRBP 1010(b)**

☐ Alleged Corporate Debtor **FRBP 1011(f)**

make the following disclosure(s):

☑ The following entities owning, directly or indirectly, 10% or more of any class of the corporation's (s') equity interests, are listed below:

> U.S. Bank Trust Company, National Association is a wholly owned subsidiary of U.S. Bancorp. U.S. Bancorp owns 100% of U.S. Bank National Association's stock.

**OR**

☐ There are no entities owning, directly or indirectly, 10% or more of any class of the corporation's equity interest.

Date: April 2, 2024

Attorney Signature

Attorney Name                          State Bar Number

1080 River Oaks Drive, Suite B-202

Address

Flowood, MS 39232

City, State, and Zip Code

(601) 981-9299        logsecf@logs.com

Telephone Number       Email Address

**Pursuant to Miss. Bankr. L.R. 7007.1-1 the requirements for filing a Corporate Ownership Statement, under Fed. R. Bankr. P. 7007.1 shall also apply to general partnerships, limited partnerships, joint ventures, and limited liability companies.**

MIN: ▮▮▮▮▮▮▮▮▮▮▮    **NOTE**    Loan Number: ▮▮▮▮▮▮▮▮▮

JUNE 27, 2006    ALPHARETTA    ▮▮▮▮▮▮▮ GEORGIA
[Date]    [City]    [State]

367 JAMISON ROAD, HOLLY SPRINGS, MISSISSIPPI 38635
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 100,000.00       (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is OWNIT MORTGAGE SOLUTIONS, INC., A CALIFORNIA CORPORATION                            .
I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of       9.375 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

### (A)  Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 1st  day of each month beginning on  AUGUST 1       , 2006   . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on  JULY 1, 2036       , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at P.O. BOX 4387, HOUSTON, TEXAS 77210-4387

or at a different place if required by the Note Holder.

### (B)  Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 831.75       .

## 4. BORROWER'S RIGHT TO PREPAY ** See attached Prepayment Note Addendum.

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit;

MULTISTATE FIXED RATE NOTE--Single Family
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3200  1/01            Page 1 of 3

DocMagic *eForms* 800-649-1362
www.docmagic.com

Us32001.not.1.tem

and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6.  BORROWER'S FAILURE TO PAY AS REQUIRED

### (A)  Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of      15
calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be
      4 . 000  % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B)  Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C)  Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D)  No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E)  Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7.  GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8.  OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9.  WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep

MULTISTATE FIXED RATE NOTE--Single Family
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3200  1/01                          Page 2 of 3

DocMagic *eForms* 800-649-1362
www.docmagic.com

the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

       If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

       If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
PEGGY  JEAN  JONES            -Borrower

_____ (Seal)
KEITH  ANTHONY  JONES          -Borrower

_____ (Seal)
                -Borrower

_____ (Seal)
                -Borrower

_____ (Seal)
                -Borrower

_____ (Seal)
                -Borrower

*[Sign Original Only]*

MULTISTATE FIXED RATE NOTE--Single Family
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3200  1/01           Page 3 of 3

DocMagic *eForms* 800-649-1362
www.docmagic.com

Us32003.not.3.tem

PAY TO THE ORDER OF
RESIDENTIAL FUNDING COMPANY, LLC
WITHOUT RECOURSE
OWNIT MORTGAGE SOLUTIONS, INC.
A CALIFORNIA CORPORATION

BY: _____

Christal Brunson, Lead Closer

PAY TO THE ORDER OF
U.S. Bank National Association as Trustee
WITHOUT RECOURSE
Residential Funding Company, LLC

By _____

Judy Faber, Vice President

**Loan #** ▮▮▮▮▮▮▮

# ALLONGE

This endorsement is a permanent part of the Note dated 6/27/2006 in the amount of $100,000.00

**BORROWER(S):    PEGGY JEAN JONES AND KEITH ANTHONY JONES**

**PROPERTY:      367 JAMISON ROAD
                 HOLLY SPRINGS, MS 38635**

**PAY TO THE ORDER OF:**

**U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RESIDENTIAL ASSET SECURITIES
CORPORATION, HOME EQUITY MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES,
SERIES 2007-KS3**

**WITHOUT RECOURSE:**

**U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE BY ITS ATTORNEY IN FACT OCWEN LOAN
SERVICING, LLC**

**Signer:**    Michelle Gbolie
**Title: Authorized Signer**

**Loan** ████████

## ALLONGE TO NOTE

This endorsement is a permanent part of the Note in the amount of  $100,000.00

NOTE DATE:  06/27/2006

BORROWER NAME:  PEGGY JEAN JONES
                               KEITH ANTHONY JONES

PROPERTY:  367  JAMISON ROAD, HOLLY SPRINGS, MS 38635

PAY TO THE ORDER OF:
U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE, AS
SUCCESSOR-IN-INTEREST TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE
FOR RESIDENTIAL ASSET SECURITIES CORPORATION, HOME EQUITY
MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-KS3

WITHOUT RECOURSE:
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RESIDENTIAL ASSET
SECURITIES CORPORATION, HOME EQUITY MORTGAGE ASSET-BACKED PASS-
THROUGH CERTIFICATES, SERIES 2007-KS3 BY ITS ATTORNEY-IN-FACT PHH
MORTGAGE CORPORATION

Signer:    Jasmine Jones
Title:     Servicing Operations Specialist

# PREPAYMENT ADDENDUM TO NOTE

Loan Number ███████████

Date: JUNE 27, 2006

Borrower(s): PEGGY JEAN JONES, KEITH ANTHONY JONES

THIS PREPAYMENT ADDENDUM TO NOTE (the "Addendum") is made this    27th    day of
JUNE,    2006        , and is incorporated into and shall be deemed to amend and supplement
that certain promissory note (the "Note") made by the undersigned ("Borrower") in favor of OWNIT
MORTGAGE SOLUTIONS, INC., A CALIFORNIA CORPORATION

("Lender") and dated the same date as this Addendum. Repayment of the Note is secured by a Mortgage, Deed of
Trust, or Security Deed (the "Security Instrument") given by Borrower in favor of Lender and dated the same date
as this Addendum. To the extent that the provisions of this Addendum are inconsistent with the provisions of the
Note, the provisions of this Addendum shall supersede the inconsistent provisions of the Note.

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Note, Borrower
and Lender further covenant and agree as follows:

Section    4    of the Note is amended to read in its entirety as follows:

**4**    . **BORROWER'S RIGHT TO PREPAY; PREPAYMENT CHARGE**
I have the right to make payments of Principal at any time before they are due. A payment
of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note
Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not
made all the monthly payments due under the Note.
The Note Holder will use my Prepayments to reduce the amount of Principal that I owe
under the Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid
interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount
of the Note. If I make a partial Prepayment, there will be no changes in the due dates of my
monthly payment unless the Note Holder agrees in writing to those changes.
If the Note provides for changes in the interest rate, my partial Prepayment may reduce the
amount of my monthly payments after the first Change Date following my partial Prepayment.
However, any reduction due to my partial Prepayment may be offset by an interest rate increase.
If within THIRTY-SIX ( 36    ) months from the date the Security Instrument is
executed I make a full Prepayment, I will pay a Prepayment charge in an amount determined as
follows:
(a)    FIVE            percent (        5.000    %) of the unpaid Principal
balance if prepaid in full during the first year of the loan term;
(b)    FOUR            percent (        4.000    %) of the unpaid Principal
balance if prepaid in full during the second year of the loan term;
(c)    THREE            percent (        3.000    %) of the unpaid Principal
balance if prepaid in full during the third year of the loan term;

MISSISSIPPI PREPAYMENT ADDENDUM TO NOTE
6/03                            Page 1 of 2                    DocMagic *eForms* 800-649-1362
www.docmagic.com

Mspstn1.pof.1.tem

(d)  N/A                        percent (        N/A  %) of the unpaid Principal
balance if prepaid in full during the fourth year of the loan term; and

(e)  N/A                        percent (        N/A  %) of the unpaid Principal
balance if prepaid in full during the fifth year of the loan term.


BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this Addendum.


Borrower PEGGY JEAN JONES            Date        Borrower KEITH ANTHONY JONES      Date


Borrower                             Date        Borrower                          Date


Borrower                             Date        Borrower                          Date


MISSISSIPPI PREPAYMENT ADDENDUM TO NOTE                              DocMagic *€Forms* 800-649-1362
6/03                            Page 2 of 2                          www.docmagic.com

Mspabs2.pdf.2.tem

After Recording Return To:
OWNIT MORTGAGE SOLUTIONS, INC.
27349 AGOURA RD., SUITE 100
AGOURA HILLS, CALIFORNIA 91301
Loan Number: 410032671

After recording, return to:
FNF Title Services, Inc.
6880 Cobblestone Blvd, Ste. #2
Southaven, MS 38672
(662) 892-6536

File # ▮▮▮▮▮▮▮▮

——————— [Space Above This Line For Recording Data] ———————

# DEED OF TRUST

**MIN:** ▮▮▮▮▮▮▮▮

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A)** "Security Instrument" means this document, which is dated   JUNE 27, 2006               , together with all Riders to this document.
**(B)** "Borrower" is   PEGGY JEAN JONES AND KEITH ANTHONY JONES AS JOINT TENANTS

Borrower is the trustor under this Security Instrument.
**(C)** "Lender" is   OWNIT MORTGAGE SOLUTIONS, INC.

Lender is a   CALIFORNIA CORPORATION                                    organized and existing under the laws of   CALIFORNIA
Lender's address is   27349 AGOURA ROAD, SUITE 100, AGOURA HILLS, CALIFORNIA 91301

**(D)** "Trustee" is   FIRST NATIONAL FINANCIAL.
6880 COBBLESTONE BLVD STE 2, SOUTHAVEN, MISSISSIPPI 38672

**(E)** "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
**(F)** "Note" means the promissory note signed by Borrower and dated   JUNE 27, 2006               .
The Note states that Borrower owes Lender   ONE HUNDRED THOUSAND AND 00/100
Dollars (U.S. $   100,000.00       ) plus interest.
Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than JULY 1, 2036          .
**(G)** "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

---

MISSISSIPPI--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3025 1/01                                    Page 1 of 14

DocMagic *eForms* 800-649-1362
www.docmagic.com



Ms30251.mzd.1.tem

**(H)** "**Loan**" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

**(I)** "**Riders**" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider    ☐ Planned Unit Development Rider
☐ Balloon Rider             ☐ Biweekly Payment Rider
☐ 1-4 Family Rider          ☐ Second Home Rider
☐ Condominium Rider         ☐ Other(s) [specify]

**(J)** "**Applicable Law**" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

**(K)** "**Community Association Dues, Fees, and Assessments**" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

**(L)** "**Electronic Funds Transfer**" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

**(M)** "**Escrow Items**" means those items that are described in Section 3.

**(N)** "**Miscellaneous Proceeds**" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

**(O)** "**Mortgage Insurance**" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

**(P)** "**Periodic Payment**" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

**(Q)** "**RESPA**" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(R)** "**Successor in Interest of Borrower**" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

## TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the

COUNTY              of              MARSHALL              :
[Type of Recording Jurisdiction]                [Name of Recording Jurisdiction]

---

MISSISSIPPI--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS     DocMagic *eFormat* 800-649-1362
Form 3025 1/01                          Page 2 of 14                              www.docmagic.com

Ms30252.mad.2.tem               

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT "A".
A.P.N.: 14701

which currently has the address of  367 JAMISON ROAD
                                                        [Street]

    HOLLY SPRINGS                    , Mississippi      38635        ("Property Address"):
         [City]                                         [Zip Code]

    TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements,
appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be
covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."
Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security
Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors
and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose
and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling
this Security Instrument.

    BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right
to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record.
Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any
encumbrances of record.

    THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with
limited variations by jurisdiction to constitute a uniform security instrument covering real property.

    **UNIFORM COVENANTS.** Borrower and Lender covenant and agree as follows:
    1.   **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall
pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late
charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due
under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other
instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid,
Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in
one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check,
treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured
by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

    Payments are deemed received by Lender when received at the location designated in the Note or at such other
location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return
any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender
may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights
hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not
obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of
its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds
until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of
time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be
applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim

---

MISSISSIPPI--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS    DocMagic ☎ 800-649-1362
Form 3025 1/01                          Page 3 of 14                             www.docmagic.com

Ms30253.mrd.3.tem

which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. **Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. **Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree

MISSISSIPPI--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3025 1/01
Page 4 of 14

DocMagic *eForms* 800-649-1362
www.docmagic.com

BOOK _414_ PAGE _70_

in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4.  Charges; Liens.  Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument.  If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien.  Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5.  Property Insurance.  Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance.  This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires.  What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably.  Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification.  Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense.  Lender is under no obligation to purchase any particular type or amount of coverage.  Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect.  Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained.  Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument.  These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee.  Lender shall have the right to hold the policies and renewal certificates.  If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices.  If Borrower obtains any

BOOK 414 PAGE 71

Ms30255.mzd.5.tem

form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6.  **Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7.  **Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8.  **Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

---

BOOK 414 PAGE 72





**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying

Ms30257.mrd.7.tem

the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or

---




rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender.

---

Ms38250.med.9.tem

BOOK __414__ PAGE __76__

If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter

BOOK __414__ PAGE __76__

the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21. **Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

22. **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all

---

Ms302511.mzd.11.tem

expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall give Borrower, in the manner provided in Section 15, notice of Lender's election to sell the Property. Trustee shall give notice of sale by public advertisement for the time and in the manner prescribed by Applicable Law. Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder for cash at such time and place in *MARSHALL* County as Trustee designates in the notice of sale in one or more parcels and in any order Trustee determines. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument. If Trustee is requested to cancel this Security Instrument, all notes evidencing debt secured by this Security Instrument shall be surrendered to Trustee. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. **Substitute Trustee.** Lender, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder by an instrument recorded in the county in which this Security Instrument is recorded. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law.

Ms302512.mod.12.tem

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____ (Seal)
PEGGY JEAN JONES                -Borrower

_____ (Seal)
KEITH ANTHONY JONES            -Borrower

_____ (Seal)
                               -Borrower

_____ (Seal)
                               -Borrower

_____ (Seal)
                               -Borrower

_____ (Seal)
                               -Borrower

Witness:                       Witness:

_____      _____

MISSISSIPPI--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3025 1/01                          Page 13 of 14                DocMagic eFormns 800-649-1362
                                                                    www.docmagic.com

BOOK 414 PAGE 79

Ms3025l3.mad.13.tem

STATE OF MISSISSIPPI
COUNTY OF DeSoto

Personally appeared before me, the undersigned authority in and for the said county and state, on this
27th day of June 2006 , within my jurisdiction, the within named
PEGGY JEAN JONES, KEITH ANTHONY JONES

who acknowledged that he/she/they executed the above and foregoing instrument.



_Sandra Cleveland_
NOTARY PUBLIC

My commission expires:

This instrument prepared by:
OWNIT MORTGAGE SOLUTIONS
11700 GREAT OAKS WAY, #360
ALPHARETTA, GA 30022

To the Chancery Clerk of the                    Judicial District of
County, Mississippi:

The real property described herein is situated in the                    Quarter
of the Quarter of Section                    , Township
Range                    of the                    Judicial District of
County, Mississippi.

MISSISSIPPI--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS          DocMagic ℰℱⱤⱮₛ 800-649-1362
Form 3025 1/01                    Page 14 of 14                    www.docmagic.com

Ms302514.amd.14.tem

# Exhibit "A"

## Legal Description to Deed of Trust

**Parcel No. 1** of the survey and division of the Jasper Jones Estate land, comprised of the Northwest One Quarter of Section 18 and the Southwest One Quarter of the Southwest One Quarter of Section 7, all in Township 5 South, Range 4 West, Marshall County, Mississippi, more particularly described as follows, to-wit:

Beginning at the Southwest corner of the Northwest One Quarter of Section 18, Township 5 South, Range 4 West, Marshall County, Mississippi and thence run South 88 deg. 43 min. 37 sec. East along the half-section line a distance of 1387.55 ft. to a point; thence run North 0 deg. 54 min. 33 sec. East 2112.8 ft. to a point being the true point of beginning and the Southwest corner of Parcel 1; thence continue North 0 deg. 54 min. 33 sec. East 527.86 ft. to a point in the North line of Section 18; thence run South 88 deg. 45 min. 08 sec. East along said line 1499.95 ft. to the Half section line; thence run South 0 deg. 54 min. 33 sec. West along said line 528.52 ft. to a point; thence run North 88 deg. 43 min. West 1499.95 ft. to the point of beginning.

Also the perpetual use of that portion of the following described easement for ingress and egress which connects all of the above described parcel with the public roadway, said easement being described as follows, to-wit:

Beginning at a point in the South line of the Northwest One Quarter of Section 18, Township 5 South, Range 4 West, Marshall County, Mississippi a distance 1362.55 ft. South 88 deg. 43 min. 37 sec. East from the Southwest corner of said Northwest One Quarter; thence run North 0 deg. 54 min. 33 sec. East a distance of 2665.65 ft. to a point being 25 ft. North of the North line of Section 18 (South line of Section 7); thence run South 88 deg. 45 min. 08 sec. East, parallel to said Section line, a distance of 86.13 ft. to a point being 25 ft. West of the East line of the Southwest One Quarter of the Southwest One Quarter of said Section 7; thence run North 0 deg. 51 min. 33 sec. East, parallel to said One Quarter section line, a distance of 1270.21 ft. to a point being 25 ft. South of the North line of said One Quarter section; thence run North 88 deg. 45 min. 34 sec. West parallel to said North line a distance of 1407.82 ft. to a point in the West line of said Section 7; thence run North 1 deg. 07 min. 26 sec. East along said line 25 ft. to the Northwest corner of said One Quarter section; thence run South 88 deg. 45 min. 34 sec. East along the North line of said One Quarter section a distance of 1432.70 ft. to the Northeast corner of said One Quarter section; thence run South 0 deg. 51 min. 33 sec. West along the East line of said One Quarter section distance of 1320.21 ft. to the South line of said Section 7 (North line of Section 18); thence run South 88 deg. 45 min. 08 sec. East along the said section line a distance of 1438.8 ft. to the East line of the Northwest One Quarter of Section 18; thence run South 0 deg. 54 min. 33 sec. West along said line 25 ft. to a point; thence run North 88 deg. 45 min. 08 sec. West, parallel to the North line of Section 18, a distance of 1474.95 ft. to a point; thence run South 0 deg. 54 min. 33 sec. West 2615.67 ft. to a point in the South line of said Northwest One Quarter; thence run North 88 deg. 43 min. 37 sec. West along said line 50 ft. to the point of beginning.

**Parcel #: 226-18-00200**

Signed for Identification Purposes Only

_Peggy Jean Jones_
Peggy Jean Jones

_Keith Anthony Jones_
Keith Anthony Jones

BOOK _414_ PAGE _81_

Inst # 2010004210
CHANCERY COURT

STATE OF MS
COUNTY OF MARSHA.
FILED & RECO…
2010 OCT -5 PM 1:33
INSTRUMENT #
CH… … …
CHANCERY CLERK
…THOMAS

Prepared by:
Morris & Associates
2309 Oliver Road
Monroe, Louisiana 71201
Telephone: 318-330-9020

Return To:
Morris & Associates
2309 Oliver Road
Monroe, Louisiana 71201
Telephone: 318-330-9020

Grantor:
Mortgage Electronic Registration Systems Inc
1100 Virginia Drive

Ft. Washington, PA, 19034
1-800-766-4622

Grantee:
U S Bank National Association
1100 Virginia Drive

Ft. Washington, PA, 19034
1-800-766-4622

Jasper Jones Estate Land, NW ¼, Sec. 18, SW 1/4 of the SW 1/4 of Sec. 7, T5S, R4W, Marshall County, MS

## ASSIGNMENT OF DEED OF TRUST

FOR AND IN CONSIDERATION of the sum of TEN DOLLARS ($10.00), cash in hand paid and other good and valuable considerations, the receipt of all of which is hereby acknowledged, the undersigned Mortgage Electronic Registration Systems Inc. does hereby sell, convey, and assign to U.S. Bank National Association as Trustee for RASC 2007RS3 their Successors and/or Assigns that certain Deed of Trust executed by Peggy Jean Jones and Keith Anthony Jones as Joint Tenants for the use and benefit of Mortgage Electronic Registration Systems inc , which Deed of Trust is recorded in Book 414 at Page 67 and records of the Chancery Clerk of Marshall County, Mississippi, together with the indebtedness secured thereby.

IN WITNESS WHEREOF, the said Mortgage Electronic Registration Systems Inc. caused this conveyance to be signed by

_Sandy Broughton_   _Asst. Secretary_   and its corporate seal to be hereto affixed, this the _23_ day of _Sept_ , 20 _10_

Mortgage Electronic Registration Systems Inc.

BY: **Sandy Broughton**
**Assistant Secretary**

STATE OF _Pennsylvania_
COUNTY OF _Montgomery_

This day personally appeared before me, the undersigned authority in and for the aforesaid jurisdiction,
_Sandy Broughton_ , who acknowledges that (s) he is the
_Asst. Secretary_ of Mortgage Electronic Registration Systems Inc. and that (s) he executed and delivered the above and foregoing instrument on the day and year therein mentioned, as the act and deed of said corporation, after having first been duly authorized by said corporation, so to do

GIVEN UNDER MY HAND AND OFFICIAL SEAL, this the _23_ day of _Sept_ , 20 _10_

_John J. Castagna_
NOTARY

_2 - 25 - 14_

MY COMMISSION EXPIRES
B10-0540/mls/Jones

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
John J. Castagna, Notary Public
Upper Dublin Twp., Montgomery County
My Commission Expires Feb. 25, 2014
Member, Pennsylvania Association of Notaries

| 2010004210 |
|---|
| **RECORDED** |
| Date (mm/dd/yyyy)Time (hh:mm) |
| **10/05/2010      01:33 PM** |
| MARSHALL CO, MS |
| CHANCERY CLERK C W CHUCK THOMAS |
| Recorded By DEPUTY COLTER TEEL |

Loan Number: ████████
Investor Loan Number: ████████

This document was prepared by PHH Mortgage Corporation

**After Recording Return To:**
PHH Mortgage Corporation
Attention: Modification Processing
PO Box 24737
West Palm Beach, FL 33416-9838

——————————————— [Space Above This Line For Recording Data] ———————————————

# LOAN MODIFICATION AGREEMENT

Borrower (s): PEGGY JEAN JONES, KEITH ANTHONY JONES

**THIS IS A BALLOON MORTGAGE AND THE FINAL PRINCIPAL PAYMENT OR THE PRINCIPAL BALANCE DUE UPON MATURITY IS $71,533.00, TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE.**

**BALLOON PAYMENT DISCLOSURE**
**THIS MODIFICATION AGREEMENT INCLUDES A BALLOON PAYMENT, WHICH MEANS THAT EVEN IF YOU MAKE ALL THE SCHEDULED PAYMENTS WHEN DUE, THE LOAN WILL NOT BE PAID IN FULL AT THE END OF ITS TERM. AS A RESULT, ON THE MATURITY DATE OUTLINED WITHIN THIS AGREEMENT, YOU WILL BE REQUIRED TO REPAY, IN A SINGLE PAYMENT, THE ENTIRE REMAINING PRINCIPAL BALANCE PLUS ALL ACCRUED BUT UNPAID INTEREST AND ALL OTHER AMOUNTS OWING ON THAT DATE (INCLUDING BUT NOT LIMITED TO ALL ADVANCES MADE BY LOAN SERVICER UNDER THE TERMS OF THE SECURITY INSTRUMENT).**

***CAUTION TO BORROWER: NO OBLIGATION TO REFINANCE*** **– LOAN SERVICER HAS NO OBLIGATION TO REFINANCE THIS LOAN OR MAKE YOU A NEW LOAN ON THE MATURITY DATE. IF YOU DO NOT HAVE THE FUNDS TO PAY THE BALLOON PAYMENT WHEN IT COMES DUE, YOU MAY HAVE TO OBTAIN A NEW LOAN AGAINST THE PROPERTY TO MAKE THE BALLOON PAYMENT. ASSUMING ANOTHER LENDER MAKES YOU A NEW LOAN ON THE MATURITY DATE, YOU WILL PROBABLY BE CHARGED INTEREST AT THE MARKET RATE PREVAILING AT THAT TIME. SUCH INTEREST RATE MAY BE HIGHER THAN THE INTEREST RATE PAID ON THIS LOAN. YOU MAY AGAIN HAVE TO PAY COMMISSIONS, FEES AND EXPENSES FOR THE ARRANGING OF THE NEW LOAN. IN ADDITION, IF YOU ARE UNABLE TO MAKE THE MONTHLY PAYMENTS OR THE BALLOON PAYMENT, YOU MAY LOSE THE PROPERTY AND ALL OF THE EQUITY THROUGH FORECLOSURE. KEEP THIS IN MIND IN DECIDING WHETHER TO AGREE TO THE TERMS OF THIS LOAN MODIFICATION.**

The debtor, PEGGY JEAN JONES, KEITH ANTHONY JONES, and U.S. Bank National Association, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2007-KS3 through the servicer of the underlying mortgage loan agreement, PHH Mortgage Corporation,  have agreed to modify the terms of said underlying mortgage loan agreement. U.S. Bank National Association, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2007-KS3 is the owner of the loan and retains all rights to collect payments as per the underlying mortgage loan agreement.  PHH Mortgage Corporation, remains servicer for said underlying mortgage loan agreement.

This Loan Modification Agreement ("Agreement"), made this 19th day of July, 2021 ("Modification Agreement Date"), between PEGGY JEAN JONES, KEITH ANTHONY JONES ("Borrower") and PHH Mortgage Corporation, Lender/Servicer or Agent for Lender/Servicer ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed ("Security Instrument") dated 06/27/2006 and recorded in the Records of Marshall County, MS and (2) the Note, bearing the same date as, and secured by, the Security Instrument (collectively, "Loan Documents"), which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

367 JAMISON RD
HOLLY SPRINGS, MS 38635

The real property described being set forth as follows:

**(Legal Description Attached, if applicable, for Recording Only)**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

**Representations:**

1. Borrower is experiencing a financial hardship and as a result, 1) is or will be in default under the Loan Documents and 2) does not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments due under the Loan Documents.
2. Under penalty of perjury, if required by the Lender, borrower provided Lender with full and complete information that, when provided, accurately stated borrower's income, expenses, and assets. To the extent requested by Lender, borrower provided documents that supported that information.
3. Borrower has made any and all required trial period plan payments or down payments.
4. Borrower currently has sufficient income to support the financial obligations under the Loan Documents, as modified by this Agreement.
5. Borrower understands that property title may be reviewed as a precondition to the modification.

**Acknowledgements and Preconditions to the Modification:**

1. Lender has no obligation to make any modification of the Loan Documents if any of the requirements under this Agreement are not met.
2. Prior to the Modification Effective Date (defined as 07/01/2021), if Lender determines that any of the representations above are no longer true and correct, 1) the Loan Documents will not be modified, 2) this Agreement will not be valid, and 3) Lender will have all of the rights and remedies provided by the Loan Documents.
3. The Loan Documents will not be modified unless and until 1) Lender approves this Agreement and 2) the Modification Effective Date has occurred.

**Modified Loan Terms:**

1. If all of Borrower's representations above continue to be true and correct and all preconditions to the modification set forth above have been met, the Loan Documents will automatically become modified on 07/01/2021.  If Borrower has failed to make any payments that are a precondition to this modification or receipt of clear title is not received, this modification will not take effect.

The new Maturity Date will be 07/01/2036.

Borrower understands that in order to reach an affordable payment under this modification, the loan may have been re-

Page 2

amortized beyond the maturity date. This means that if all payments are made in accordance with the loan terms, when Borrower reaches the maturity date, there will be an outstanding amount still due.

This amount includes an interest-bearing balloon payment in the amount of $69,496.04 and a non-interest bearing deferment amount of $2,036.96 making the total balloon payment of $71,533.00 ("Balloon Payment") which is due when the loan reaches maturity, sold , refinanced or otherwise accepted by the Lender as paid in full. Borrower specifically acknowledges that this is a balloon modification and therefore Borrower will have a balloon payment due at maturity in the approximate amount of $71,533.00.

**BALLOON PAYMENT: THIS MORTGAGE LOAN CONTAINS A BALLOON PAYMENT PROVISION. A BALLOON PAYMENT IS A SCHEDULED LUMP SUM USUALLY DUE AT THE END OF THE MORTGAGE LOAN TERM THAT IS SIGNIFICANTLY LARGER THAN THE OTHER REGULARLY SCHEDULED PERIODIC PAYMENTS. IF YOU CANNOT PAY THE BALLOON PAYMENT WHEN DUE, YOU MAY HAVE TO OBTAIN A NEW LOAN TO MAKE THE BALLOON PAYMENT OR YOU MAY LOSE YOUR PROPERTY THROUGH FORECLOSURE. BEFORE DECIDING TO TAKE THIS LOAN, CONSIDER YOUR ABILITY TO PAY THE BALLOON PAYMENT WHEN IT COMES DUE. THE BALLOON PAYMENT ON THE MORTGAGE LOAN YOU HAVE APPLIED FOR IS DUE 180 MONTHS FROM THE DATE YOUR MORTGAGE LOAN BEGINS.**

**CAUTION TO BORROWER: IF YOU DO NOT HAVE THE FUNDS TO PAY THE BALLOON PAYMENT WHEN DUE, IT MAY BE NECESSARY FOR YOU TO OBTAIN A NEW LOAN AGAINST YOUR PROPERTY FOR THIS PURPOSE AND YOU MAY BE REQUIRED TO AGAIN PAY COMMISSION AND EXPENSES FOR ARRANGING THE LOAN. KEEP THIS IN MIND IN DECIDING UPON THE AMOUNT AND TERMS OF THE LOAN THAT YOU OBTAIN AT THIS TIME.**

2. The current Unpaid Principal Balance is $86,197.49. The New Principal Balance of the Note will be $87,314.60 (the "New Principal Balance"). This includes amounts and arrearages that are past due as of the Modification Effective Date (including, but not limited to, unpaid and any previously deferred principal and interest, fees, escrow advances and other costs, collectively, "Unpaid Amounts") excluding any fees, costs and/or corporate advances not added to the account as of the Modification Agreement Date and amounts not added to the New Principal Balance due to investor and/or mortgage insurer restrictions less any amounts paid to the Lender but not previously credited to the Loan. Any amounts not added to the New Principal Balance will remain on the account until paid and will become due when the interest-bearing balance is paid in full or upon maturity as applicable pursuant to State or Federal law.

3. The New Principal Balance may represent the sum of the "Deferred Principal Balance" (if applicable), the "Principal Forgiveness" (if applicable) and the "Interest Bearing Principal Balance." The Interest Bearing Principal Balance is $85,277.64. Borrower understands that by agreeing to add the Unpaid Amounts to the Unpaid Principal Balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. Borrower also understands that this means interest will now accrue on the unpaid interest that is added to the New Principal Balance, which would not happen without this Agreement.

4. Borrower promises to pay the New Principal Balance, plus interest, and any future fees/costs to the order of the Lender. Interest will be charged on the Interest Bearing Principal Balance at the yearly rate of 4.6875%, beginning 07/01/2021. Borrower promises to make monthly payments of principal and interest of U.S. $393.71, beginning on 08/01/2021 and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. Borrower promises to also pay any applicable monthly escrow payments as outlined in this Agreement. The initial monthly escrow amount is $179.92. The yearly rate of 4.6875% will remain in effect until principal and interest are paid in full. If on 07/01/2036 (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date. Borrower agrees to pay in full all amounts still owed under the Note and the Security Instrument by the earliest of: (i) The date Borrower sells or transfers an interest in the Property, (ii) The date Borrower pays the entire Interest Bearing Principal Balance, or (iii) the Maturity Date.

5. $2,036.96 of the New Principal Balance shall be deferred ("Deferred Principal Balance") and Borrower will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred

to as the "Interest Bearing Principal Balance" and this amount is $85,277.64. Interest will be charged on the Interest Bearing Principal Balance at the yearly rate of 4.6875%, from 07/01/2021. Borrower promises to make monthly payments of principal and interest of U.S. $393.71, beginning on 08/01/2021, and continuing thereafter on the same day of each succeeding month until the Interest Bearing Principal Balance and all accrued interest thereon have been paid in full. The yearly rate of 4.6875% will remain in effect until the Interest Bearing Principal Balance and all accrued interest thereon have been paid in full. Borrower promises to also pay any applicable monthly escrow payments as outlined in this agreement. The initial monthly escrow amount is $179.92. Upon 07/01/2036 (the "Maturity Date"), Borrower will still owe amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date. If on 07/01/2036, Borrower still owes amounts under the Note and Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date. Borrower agrees to pay in full the Deferred Principal Balance and any other amounts still owed under the Note and the Security Instrument by the earliest of: (i) The date Borrower sells or transfers an interest in the Property, (ii) The date Borrower pays the entire Interest Bearing Principal Balance, or (iii) the Maturity Date. Borrower specifically acknowledges that this is a balloon modification and therefore Borrower will have a balloon payment due at maturity in the approximate amount of $71,533.00.

The initial monthly escrow amount is $179.92. The escrow payments may be adjusted periodically in accordance with applicable law due to changes in property taxes, insurance amounts or other escrow expenses and therefore the total monthly payment may change accordingly. The escrow payment amount shown is based on current data and represents a reasonable estimate of expenditures for future escrow obligations; however, escrow payments may be adjusted periodically in accordance with applicable law.

Borrower's payment schedule for the modified Loan is as follows:

| Years | Interest Rate (%) | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* (adjusts periodically) | Total Monthly Payment* (adjusts periodically) | Payment Begins On | Number of Monthly Payments |
|-------|-------------------|---------------------------|-----------------------------------------------|----------------------------------------------------------------|-----------------------------------------------|-------------------|----------------------------|
| 1 - 15 | 4.6875 | 07/01/2021 | $393.71 | $179.92 | $573.63 | 08/01/2021 | 180 |

*The escrow payments may be adjusted periodically in accordance with applicable law due to changes in property taxes, insurance amounts or other escrow expenses and therefore the total monthly payment may change accordingly. The escrow payment amount shown is based on current data and represents a reasonable estimate of expenditures for future escrow obligations; however, escrow payments may be adjusted periodically in accordance with applicable law.

**Additional Agreements:**

1. **Transfer of Property.** If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

2. **Original Loan Document Conditions.** Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument and Note, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument and Note; however, if applicable, the following terms and provisions are forever canceled, null and void, as of 07/01/2021:

    a. all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

b.  all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

3.  Borrower understands and agrees that:

a.  **Default Under the Modification.** All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

b.  **Original Loan Document Conditions.** All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender. Borrower agrees that the Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

c.  **Modification Does Not Constitute Release.** Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

d.  **Costs and Expenses.** All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender or not permitted per State or federal law.

e.  **Agreement to Provide Any Additional Modification Documents.** Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower. Borrower will execute such other documents as may be reasonably necessary to correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. Borrower understands that either a corrected Agreement or a letter agreement containing the correction will be provided to Borrower for Borrower's signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If Borrower elects not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement. Borrower agrees to deliver any such corrective documents within ten (10) days after Borrower receives the Lender's written request for such replacement.

f.  **Agreement of Use of Non-Public Information.** Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

g.  **Consent to Contact.** Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

4.  **Escrow Account.** By this section, Lender is notifying Borrower that any prior waiver by Lender of Borrower's obligation to pay to Lender Funds for any or all Escrow Items is hereby revoked and Borrower has been advised of the amount needed to fully fund the Escrow Account.

Borrower will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items." Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and Borrower shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this paragraph.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender and Borrower can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund to Borrower any Funds held by Lender.

5. **Severability.** Whenever possible, each provision of this Agreement shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Agreement shall be or become prohibited or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision or the remaining provisions of this Agreement.

6. **Inclusion of Exhibits.** Borrower authorizes Lender to attach an Exhibit A to this Agreement, which may include a Legal Description, recording information of the original security instrument, and any other relevant information required by a County Clerk (or other recordation office) to allow for recording if and when Lender seeks recordation.

7. **Errors and Omissions.** That if any documents related to the loan documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, Borrower will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. All documents the Lender requests of Borrower under this section shall be referred to as "Documents." Borrower agrees to deliver the Documents within ten (10) days after Borrower receives the Lender's written request for such replacement. At Lender's option, this Agreement will be void and of no legal effect and the loan terms will revert to the terms prior to the approved modification.

8. **Final Agreement.** This Agreement may not be supplemented, changed, modified or omitted except by written document executed by both the Lender and the Borrower. This Modification constitutes the entire agreement between the Lender and Borrower and supersedes all previous negotiations and discussions between the Borrower and the Lender and neither prior evidence nor any prior or other agreement shall be permitted to contradict or vary its terms. There are no promises, terms, conditions, or obligations other than those contained in this Agreement.

9. **Additional Events of Default.** Without limiting the other events of default set forth in the Loan Documents, Borrower will be in default under this Agreement and under the Loan Documents upon the occurrence of any one or more of these events:

    a. Any material representation or warranty made by you in the Loan Documents, this Agreement, or any initial agreement proves to be false or misleading in any respect.

    b. Borrower fails to make the New Monthly Payments as required by this Agreement.

    c. Borrower sells or conveys any interest in the Property without Lender's prior written consent.

    d. Breach of any of the terms or provisions of this Agreement.

10. **Consequences of Default.** If Borrower defaults under this Agreement or the Loan Documents after the Modification Effective Date (your "Default"), Lender may, in addition to the remedies provided by the Loan Documents, subject only to applicable law, institute any foreclosure or collection proceedings without prejudice for having accepted any payments, including but not limited to the New Monthly Payments, under this Agreement and exercise any of its rights and remedies against Borrower under the Loan Documents and/or this Agreement.

11. **Mortgage Insurance.** Borrower understands that the mortgage insurance premiums on the Loan, if applicable, may increase as a result of the capitalization which may result in a higher total monthly payment. Furthermore, the date on which Borrower may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

12. **Credit Reporting.** Lender is required to report factual information to the credit reporting agencies. Lender may report information about the account to credit bureaus. Late payments, missed payments, or other defaults on the account may be reflected in the credit report.

13. **No Novation.** Borrower expressly agrees that this Agreement is not a new loan from Lender but simply the modification of the existing obligations under the Loan Documents. Neither Borrower nor Lender has any intention to extinguish or discharge the indebtedness or the liens evidenced by the Loan Documents.

## BORROWER ACKNOWLEDGEMENT

**IMPORTANT – Do NOT sign this Agreement unless you are in the presence of a notary. If extenuating circumstances prevent one notary signature, separately signed and notarized agreements will be accepted; however, the agreements must be returned in the same package to PHH Mortgage Corporation.**

Each of the Borrower(s) and the Lender acknowledge that no representations, agreements or promises were made by the other party or any of its representatives other than those representations, agreements or promises specifically contained herein.  This Agreement, and the Note and Security Instrument (as amended hereby) set forth the entire understanding between the parties. There are no unwritten agreements between the parties.

All individuals on the mortgage, note and the property title must sign this Agreement.

Date _____

PEGGY JEAN JONES

Date _____

KEITH ANTHONY JONES

State of _____

County of _____

On this ___ day of _____ , _____ , before me, the undersigned, a Notary Public in and for said county and state, personally appeared _____personally known to me or identified to my satisfaction to be the person(s) who executed the within instrument, and they duly acknowledged that said instrument is their act and deed, and that they, being authorized to do so, executed and delivered said instrument for the purposes therein contained.

Witness my hand and official seal.

_____
Notary Public

My Commission Expires: _____

## LENDER ACKNOWLEDGEMENT

### (For Lender's Signature Only)

Lender acknowledges that no representations, agreements or promises were made or any of its representations other than those representations, agreements or promises specifically contained herein. This Agreement, and the Note and Security Instrument (as amended hereby) set forth the entire understanding between the parties. There are no unwritten agreements between the parties.

PHH Mortgage Corporation

_____

Authorized Signer

**Hubert Paul**                    AUG 2 5 2021

_____
Date

State of _____

County of _____

On this ___ day of _____, _____, before me, the undersigned, a Notary Public in and for said county and state, personally appeared _____, personally known to me or identified to my satisfaction to be the person who executed the within instrument as _____ of PHH Mortgage Corporation., said instrument is their act and deed, and that they, being authorized to do so, executed and delivered said instrument for the purposes therein contained.

Witness my hand and official seal.

_____
Notary Public

My Commission Expires: _____



**DELIVERED ELECTRONICALLY**

C/O PHH Mortgage Services |PO Box 24738
West Palm Beach, FL 33416

PH#: 1-888-820-6474
Fax #: 1-856-917-8300

PEGGY JEAN JONES
KEITH ANTHONY JONES
367 JAMISON RD
HOLLY SPRINGS MS 38635-8339

Account Number: ▮▮▮▮▮▮▮

**Property Address:**
367 JAMISON RD
HOLLY SPRINGS MS 38635-8339

September 6, 2023

# NOTIFICATION OF PAYMENT DEFERRAL

Dear Customer(s),



### Why We Are Sending This Letter

We previously approved this account for a **Temporary Hardship Forbearance Plan ("Forbearance Plan")** due to a financial hardship related to COVID-19.

We are pleased to inform you that this account has also been approved for a **Payment Deferral** in order to provide additional time to make payments given these challenging times.

In accordance with the terms of this **Payment Deferral:**

- All unpaid monthly payments that were originally due on or before 08/31/2023 are no longer due at the end of the Forbearance Plan.  Instead, this amount of $639.73 is now due on 07/01/2036 or upon loan payoff, whichever comes first**.**
- This account is now current through 08/31/2023.



### What You Need to Do?

**No further action is required to accept this Payment Deferral or to continue on the Forbearance Plan.** If you wish to decline this payment deferral, please call us to discuss your situation.

This notice changes only the due date of the deferred amounts outlined above. All remaining terms of the previously-approved Forbearance Plan remain unchanged (see next page for recap of Forbearance Plan terms).



### What We Will Do

During the term of the Forbearance Plan, we will not assess late fees, nor will we report the account as delinquent to credit bureaus or initiate any foreclosure proceedings.

**Before the end of the Forbearance Plan, we will contact you** and if you are still experiencing a hardship at that time, we can discuss additional options which may include any available forbearance extensions, repayment plan, a payment deferral or other loan modification options.

---

www.MortgageQuestions.com

XC092



C/O PHH Mortgage Services |PO Box 24738
West Palm Beach, FL 33416

PH#: 1-888-820-6474
Fax #: 1-856-917-8300

We hope that this Payment Deferral helps relieve some of the stress associated with the hardship you are experiencing as a result of COVID-19 and allows you to focus on taking care of yourself and your loved ones. If you have questions, please call us at 1-888-820-6474. Information can also be found online at www.MortgageQuestions.com.

We are here to help! LILIANA VILLAMIZAR is your designated contact for questions about mortgage assistance. You can schedule an appointment with LILIANA VILLAMIZAR by visiting www.MortgageQuestions.com or by calling us at 1-888-820-6474. We're available Monday through Friday from 8:00 am to 9:00 pm and Saturday from 8:00 am to 5:00 pm ET. If you need immediate assistance, another dedicated member of our team will be ready to help.

Sincerely,
Loan Servicing

XC092

DELIVERED ELECTRONICALLY



**newrez**

C/O PHH Mortgage Services |PO Box 24738
West Palm Beach, FL 33416

PH#: 1-888-820-6474
Fax #: 1-856-917-8300

## IMPORTANT INFORMATION REGARDING THE FORBEARANCE PLAN AND PAYMENT DEFERRAL

- The remaining monthly payments that were forborne under the Forbearance Plan and not deferred as part of this, or any prior, Payment Deferral will continue to be due as outlined in the Temporary Hardship Forbearance Plan Agreement letter we sent.  Key terms of this plan:

  - Next Due Date: 09/01/2023

  - Number of monthly payments due on Next Due Date: 1

  - Amount Due on Next Due Date: $639.73

  - Upon completion of the Forbearance Plan and beginning on the Next Due Date, the obligation to pay the regular monthly mortgage payments will resume

  - All other account terms remain unchanged during the Forbearance Plan

- Please note that the Amount Due on Next Due Date is approximate and may not account for any increase or decrease to the regular monthly mortgage payment during the Forbearance Plan period, such as those resulting from an escrow analysis or an ARM adjustment.

- If the account previously included a deferred balance, this Payment Deferral is in addition to, and does not replace or relieve the obligation to pay, such previously-deferred amounts.  Accordingly, the total deferred balance on the account now includes such previously-deferred amounts, together with those payment(s) being deferred in accordance with the Payment Deferral described herein.

- Any bankruptcy filing during the Forbearance Plan period may void the Forbearance Plan.

- The obligation to pay the monthly mortgage payment will continue to be suspended until the Next Due Date described above. However, we will continue to accept **voluntary** payments before the Next Due Date and any such payment that is received after the date of this notice will be applied toward the monthly payment due.

- Information regarding the next monthly account statement:

  - Because this Payment Deferral defers the obligation to make the payment(s) described herein to a date in the future, the next monthly account statement will reflect that these amounts are no longer "Past Due Payment(s)."

  - These amounts will, instead, be included in the "Deferred Balance" reflected on the monthly account statement (together with any pre-existing deferred amounts).

  - Although the "Deferred Balance" may be displayed as a sub-set of the "Outstanding <u>Principal</u> Balance," the payment(s) being deferred under this Payment Deferral will not accrue additional interest and, in future monthly account statements, we will be adjusting the heading that reads "Outstanding Principal Balance" to "Outstanding Balance" in order to avoid any confusion.

  - For escrowed loans, the monthly account statement will also reflect an "Escrow Deposit" in the "Transaction Activity" section.  Because the obligation to pay the monthly payment(s) described herein (which includes the escrow component of such payment(s)) has been deferred to a date in the future, we have made an advance to the escrow account in order to keep it funded and avoid a shortage as a result of the deferred payment(s), which could have resulted in an increase to the monthly payment after the next escrow analysis.  However, our advancement and deposit of these funds into the escrow account does not in any way waive or release the obligation to pay these amounts in the future when the deferred payment(s) are due.

INTERNET REPRINT



C/O PHH Mortgage Services |PO Box 24738
West Palm Beach, FL 33416

PH#: 1-888-820-6474
Fax #: 1-856-917-8300

| **Other Important Information** |
| --- |

HUD Counseling

For additional assistance, the United States Department of Housing and Urban Development ("HUD"), which is a government agency, sponsors housing counseling agencies throughout the country that can provide you advice on foreclosure alternatives, budgetary issues, and even assistance with understanding this notice.  There is no fee for this service. If you would like assistance, you can contact a HUD-approved housing counselor by calling 1-800-569-4287 or you can reach the HOPE Hotline number at 1-888-995-HOPE.  You may also visit the HUD website at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

HUD Consejeria

Para obtener ayuda adicional, el Departamento de Vivienda y Desarrollo Urbano ("HUD") de Estados Unidos, que es una agencia del gobierno, patrocina agencias de asesoria de vivienda en todo el pais que le puede proporcionar asesoramiento sobre las alternativas de ejecución hipotecaria, las cuestiones presupuestarias, e incluso la asistencia con la comprension de este aviso. No hay que pagar por este servicio. Si desea ayuda, puede ponerse en contacto con un asesor de vivienda aprobado por HUD llamando al 1-800-569-4287 o puede llegar a la Linea Directa de HOPE al 1-888-995-HOPE. También puede visitar el sitio web de HUD en http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

Attention Servicemembers and Dependents

Servicemember on "active duty" or "active service", or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC §§ 3901-4043) (SCRA). If you are entitled to or have questions as to whether you are entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal  or call 1-800-342-9647 to find out more information. You can also contact us at 1-888-820-6474 if you have any questions about your rights under SCRA.

Requests for Information and Notices of Error, including Qualified Written Requests

If you wish to request information or assert an error relating to the servicing of your mortgage loan, including any Qualified Written Requests, you must use the address below and include your name, your mortgage loan account number, property address and a statement of either the information you are requesting or the error you believe has occurred.

PHH Mortgage Services
Post Office Box 66002
Lawrenceville, NJ 08648

DELIVERED ELECTRONICALLY

# newrez

C/O PHH Mortgage Services |PO Box 24738
West Palm Beach, FL 33416

PH#: 1-888-820-6474
Fax #: 1-856-917-8300

PEGGY JEAN JONES
KEITH ANTHONY JONES
367 JAMISON RD
HOLLY SPRINGS MS 38635-8339

Account Number: ▮▮▮▮▮▮▮

**Property Address:**
367 JAMISON RD
HOLLY SPRINGS MS 38635-8339

August 4, 2023

## NOTIFICATION OF PAYMENT DEFERRAL

Dear Customer(s),



**Why We Are
Sending This
Letter**

We previously approved this account for a **Temporary Hardship Forbearance Plan ("Forbearance Plan")** due to a financial hardship related to COVID-19.

We are pleased to inform you that this account has also been approved for a **Payment Deferral** in order to provide additional time to make payments given these challenging times.

In accordance with the terms of this **Payment Deferral:**

- All unpaid monthly payments that were originally due on or before 07/31/2023 are no longer due at the end of the Forbearance Plan.  Instead, this amount of $639.73 is now due on 07/01/2036 or upon loan payoff, whichever comes first**.**
- This account is now current through 07/31/2023.



**What You
Need to Do?**

**No further action is required to accept this Payment Deferral or to continue on the Forbearance Plan.** If you wish to decline this payment deferral, please call us to discuss your situation.

This notice changes only the due date of the deferred amounts outlined above. All remaining terms of the previously-approved Forbearance Plan remain unchanged (see next page for recap of Forbearance Plan terms).



**What We
Will Do**

During the term of the Forbearance Plan, we will not assess late fees, nor will we report the account as delinquent to credit bureaus or initiate any foreclosure proceedings.

**Before the end of the Forbearance Plan, we will contact you** and if you are still experiencing a hardship at that time, we can discuss additional options which may include any available forbearance extensions, repayment plan, a payment deferral or other loan modification options.

---

DELIVERED ELECTRONICALLY

# newrez

C/O PHH Mortgage Services |PO Box 24738
West Palm Beach, FL 33416

PH#: 1-888-820-6474
Fax #: 1-856-917-8300

We hope that this Payment Deferral helps relieve some of the stress associated with the hardship you are experiencing as a result of COVID-19 and allows you to focus on taking care of yourself and your loved ones. If you have questions, please call us at 1-888-820-6474. Information can also be found online at www.MortgageQuestions.com.

We are here to help! LILIANA VILLAMIZAR is your designated contact for questions about mortgage assistance. You can schedule an appointment with LILIANA VILLAMIZAR by visiting www.MortgageQuestions.com or by calling us at 1-888-820-6474. We're available Monday through Friday from 8:00 am to 9:00 pm and Saturday from 8:00 am to 5:00 pm ET. If you need immediate assistance, another dedicated member of our team will be ready to help.

Sincerely,
Loan Servicing

INTERNET REPRINT

DELIVERED ELECTRONICALLY

**newrez**

C/O PHH Mortgage Services |PO Box 24738
West Palm Beach, FL 33416

PH#: 1-888-820-6474
Fax #: 1-856-917-8300

## IMPORTANT INFORMATION REGARDING THE FORBEARANCE PLAN AND PAYMENT DEFERRAL

- The remaining monthly payments that were forborne under the Forbearance Plan and not deferred as part of this, or any prior, Payment Deferral will continue to be due as outlined in the Temporary Hardship Forbearance Plan Agreement letter we sent.  Key terms of this plan:

  - Next Due Date: 09/01/2023

  - Number of monthly payments due on Next Due Date: 2

  - Amount Due on Next Due Date: $1279.46

  - Upon completion of the Forbearance Plan and beginning on the Next Due Date, the obligation to pay the regular monthly mortgage payments will resume

  - All other account terms remain unchanged during the Forbearance Plan

- Please note that the Amount Due on Next Due Date is approximate and may not account for any increase or decrease to the regular monthly mortgage payment during the Forbearance Plan period, such as those resulting from an escrow analysis or an ARM adjustment.

- If the account previously included a deferred balance, this Payment Deferral is in addition to, and does not replace or relieve the obligation to pay, such previously-deferred amounts.  Accordingly, the total deferred balance on the account now includes such previously-deferred amounts, together with those payment(s) being deferred in accordance with the Payment Deferral described herein.

- Any bankruptcy filing during the Forbearance Plan period may void the Forbearance Plan.

- The obligation to pay the monthly mortgage payment will continue to be suspended until the Next Due Date described above. However, we will continue to accept **voluntary** payments before the Next Due Date and any such payment that is received after the date of this notice will be applied toward the monthly payment due.

- Information regarding the next monthly account statement:

  - Because this Payment Deferral defers the obligation to make the payment(s) described herein to a date in the future, the next monthly account statement will reflect that these amounts are no longer "Past Due Payment(s)."

  - These amounts will, instead, be included in the "Deferred Balance" reflected on the monthly account statement (together with any pre-existing deferred amounts).

  - Although the "Deferred Balance" may be displayed as a sub-set of the "Outstanding Principal Balance," the payment(s) being deferred under this Payment Deferral will not accrue additional interest and, in future monthly account statements, we will be adjusting the heading that reads "Outstanding Principal Balance" to "Outstanding Balance" in order to avoid any confusion.

  - For escrowed loans, the monthly account statement will also reflect an "Escrow Deposit" in the "Transaction Activity" section.  Because the obligation to pay the monthly payment(s) described herein (which includes the escrow component of such payment(s)) has been deferred to a date in the future, we have made an advance to the escrow account in order to keep it funded and avoid a shortage as a result of the deferred payment(s), which could have resulted in an increase to the monthly payment after the next escrow analysis.  However, our advancement and deposit of these funds into the escrow account does not in any way waive or release the obligation to pay these amounts in the future when the deferred payment(s) are due.

INTERNET REPRINT



C/O PHH Mortgage Services |PO Box 24738
West Palm Beach, FL 33416

PH#: 1-888-820-6474
Fax #: 1-856-917-8300

**Other Important Information**

HUD Counseling

For additional assistance, the United States Department of Housing and Urban Development ("HUD"), which is a government agency, sponsors housing counseling agencies throughout the country that can provide you advice on foreclosure alternatives, budgetary issues, and even assistance with understanding this notice.  There is no fee for this service. If you would like assistance, you can contact a HUD-approved housing counselor by calling 1-800-569-4287 or you can reach the HOPE Hotline number at 1-888-995-HOPE.  You may also visit the HUD website at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

HUD Consejeria

Para obtener ayuda adicional, el Departamento de Vivienda y Desarrollo Urbano ("HUD") de Estados Unidos, que es una agencia del gobierno, patrocina agencias de asesoria de vivienda en todo el pais que le puede proporcionar asesoramiento sobre las alternativas de ejecución hipotecaria, las cuestiones presupuestarias, e incluso la asistencia con la comprension de este aviso. No hay que pagar por este servicio. Si desea ayuda, puede ponerse en contacto con un asesor de vivienda aprobado por HUD llamando al 1-800-569-4287 o puede llegar a la Linea Directa de HOPE al 1-888-995-HOPE. También puede visitar el sitio web de HUD en http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

Attention Servicemembers and Dependents

Servicemember on "active duty" or "active service", or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC §§ 3901-4043) (SCRA). If you are entitled to or have questions as to whether you are entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal   or call 1-800-342-9647 to find out more information. You can also contact us at 1-888-820-6474 if you have any questions about your rights under SCRA.

Requests for Information and Notices of Error, including Qualified Written Requests

If you wish to request information or assert an error relating to the servicing of your mortgage loan, including any Qualified Written Requests, you must use the address below and include your name, your mortgage loan account number, property address and a statement of either the information you are requesting or the error you believe has occurred.

PHH Mortgage Services
Post Office Box 66002
Lawrenceville, NJ 08648

DELIVERED ELECTRONICALLY

# newrez

C/O PHH Mortgage Services |PO Box 24738
West Palm Beach, FL 33416

PH#: 1-888-820-6474
Fax #: 1-856-917-8300

PEGGY JEAN JONES
KEITH ANTHONY JONES
367 JAMISON RD
HOLLY SPRINGS MS 38635-8339

Account Number: ▮▮▮▮▮▮▮

**Property Address:**
367 JAMISON RD
HOLLY SPRINGS MS 38635-8339

July 7, 2023

## NOTIFICATION OF PAYMENT DEFERRAL

Dear Customer(s),



**Why We Are Sending This Letter**

We previously approved this account for a **Temporary Hardship Forbearance Plan ("Forbearance Plan")** due to a financial hardship related to COVID-19.

We are pleased to inform you that this account has also been approved for a **Payment Deferral** in order to provide additional time to make payments given these challenging times.

In accordance with the terms of this **Payment Deferral:**

- All unpaid monthly payments that were originally due on or before 6/30/2023 are no longer due at the end of the Forbearance Plan.  Instead, this amount of $639.73 is now due on 7/1/2036 or upon loan payoff, whichever comes first**.**
- This account is now current through 6/30/2023.



**What You Need to Do?**

**No further action is required to accept this Payment Deferral or to continue on the Forbearance Plan.** If you wish to decline this payment deferral, please call us to discuss your situation.

This notice changes only the due date of the deferred amounts outlined above. All remaining terms of the previously-approved Forbearance Plan remain unchanged (see next page for recap of Forbearance Plan terms).



**What We Will Do**

During the term of the Forbearance Plan, we will not assess late fees, nor will we report the account as delinquent to credit bureaus or initiate any foreclosure proceedings.

**Before the end of the Forbearance Plan, we will contact you** and if you are still experiencing a hardship at that time, we can discuss additional options which may include any available forbearance extensions, repayment plan, a payment deferral or other loan modification options.

---

www.MortgageQuestions.com

XC092

INTERNET REPRINT



DELIVERED ELECTRONICALLY

C/O PHH Mortgage Services |PO Box 24738
West Palm Beach, FL 33416

PH#: 1-888-820-6474
Fax #: 1-856-917-8300

We hope that this Payment Deferral helps relieve some of the stress associated with the hardship you are experiencing as a result of COVID-19 and allows you to focus on taking care of yourself and your loved ones. If you have questions, please call us at 1-888-820-6474. Information can also be found online at www.MortgageQuestions.com.

We are here to help! To speak with the assigned Relationship Manager, LILIANA VILLAMIZAR who is the designated contact for inquiries and the submission of documents, you can schedule an appointment by visiting www.MortgageQuestions.com and select Schedule calls under the Loan Specialist option or call toll-free at 1-888-820-6474 Monday through Friday from 8:00 am to 9:00 pm ET. If immediate assistance is required, another dedicated member of our Home Retention Team or our Customer Care Center will be available to assist you. Depending on the status of the account, specific information may also be available online at www.MortgageQuestions.com.

Sincerely,
Loan Servicing

INTERNET REPRINT

DELIVERED ELECTRONICALLY

**newrez**

C/O PHH Mortgage Services |PO Box 24738
West Palm Beach, FL 33416

PH#: 1-888-820-6474
Fax #: 1-856-917-8300

## IMPORTANT INFORMATION REGARDING THE FORBEARANCE PLAN AND PAYMENT DEFERRAL

- The remaining monthly payments that were forborne under the Forbearance Plan and not deferred as part of this, or any prior, Payment Deferral will continue to be due as outlined in the Temporary Hardship Forbearance Plan Agreement letter we sent.  Key terms of this plan:

  - Next Due Date: 9/1/2023

  - Number of monthly payments due on Next Due Date: 3

  - Amount Due on Next Due Date: $1919.19

  - Upon completion of the Forbearance Plan and beginning on the Next Due Date, the obligation to pay the regular monthly mortgage payments will resume

  - All other account terms remain unchanged during the Forbearance Plan

- Please note that the Amount Due on Next Due Date is approximate and may not account for any increase or decrease to the regular monthly mortgage payment during the Forbearance Plan period, such as those resulting from an escrow analysis or an ARM adjustment.

- If the account previously included a deferred balance, this Payment Deferral is in addition to, and does not replace or relieve the obligation to pay, such previously-deferred amounts.  Accordingly, the total deferred balance on the account now includes such previously-deferred amounts, together with those payment(s) being deferred in accordance with the Payment Deferral described herein.

- Any bankruptcy filing during the Forbearance Plan period may void the Forbearance Plan.

- The obligation to pay the monthly mortgage payment will continue to be suspended until the Next Due Date described above. However, we will continue to accept **voluntary** payments before the Next Due Date and any such payment that is received after the date of this notice will be applied toward the monthly payment due.

- Information regarding the next monthly account statement:

  - Because this Payment Deferral defers the obligation to make the payment(s) described herein to a date in the future, the next monthly account statement will reflect that these amounts are no longer "Past Due Payment(s)."

  - These amounts will, instead, be included in the "Deferred Balance" reflected on the monthly account statement (together with any pre-existing deferred amounts).

  - Although the "Deferred Balance" may be displayed as a sub-set of the "Outstanding <u>Principal</u> Balance," the payment(s) being deferred under this Payment Deferral will not accrue additional interest and, in future monthly account statements, we will be adjusting the heading that reads "Outstanding Principal Balance" to "Outstanding Balance" in order to avoid any confusion.

  - For escrowed loans, the monthly account statement will also reflect an "Escrow Deposit" in the "Transaction Activity" section.  Because the obligation to pay the monthly payment(s) described herein (which includes the escrow component of such payment(s)) has been deferred to a date in the future, we have made an advance to the escrow account in order to keep it funded and avoid a shortage as a result of the deferred payment(s), which could have resulted in an increase to the monthly payment after the next escrow analysis.  However, our advancement and deposit of these funds into the escrow account does not in any way waive or release the obligation to pay these amounts in the future when the deferred payment(s) are due.

---



C/O PHH Mortgage Services |PO Box 24738
West Palm Beach, FL 33416

PH#: 1-888-820-6474
Fax #: 1-856-917-8300

**Other Important Information**

HUD Counseling

For additional assistance, the United States Department of Housing and Urban Development ("HUD"), which is a government agency, sponsors housing counseling agencies throughout the country that can provide you advice on foreclosure alternatives, budgetary issues, and even assistance with understanding this notice.  There is no fee for this service. If you would like assistance, you can contact a HUD-approved housing counselor by calling 1-800-569-4287 or you can reach the HOPE Hotline number at 1-888-995-HOPE.  You may also visit the HUD website at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

HUD Consejeria

Para obtener ayuda adicional, el Departamento de Vivienda y Desarrollo Urbano ("HUD") de Estados Unidos, que es una agencia del gobierno, patrocina agencias de asesoria de vivienda en todo el pais que le puede proporcionar asesoramiento sobre las alternativas de ejecución hipotecaria, las cuestiones presupuestarias, e incluso la asistencia con la comprension de este aviso. No hay que pagar por este servicio. Si desea ayuda, puede ponerse en contacto con un asesor de vivienda aprobado por HUD llamando al 1-800-569-4287 o puede llegar a la Linea Directa de HOPE al 1-888-995-HOPE. También puede visitar el sitio web de HUD en http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

Attention Servicemembers and Dependents

Servicemember on "active duty" or "active service", or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC §§ 3901-4043) (SCRA). If you are entitled to or have questions as to whether you are entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal   or call 1-800-342-9647 to find out more information. You can also contact us at 1-888-820-6474 if you have any questions about your rights under SCRA.

Requests for Information and Notices of Error, including Qualified Written Requests

If you wish to request information or assert an error relating to the servicing of your mortgage loan, including any Qualified Written Requests, you must use the address below and include your name, your mortgage loan account number, property address and a statement of either the information you are requesting or the error you believe has occurred.

PHH Mortgage Services
Post Office Box 66002
Lawrenceville, NJ 08648

DELIVERED ELECTRONICALLY

# newrez

C/O PHH Mortgage Services | PO Box 24738
West Palm Beach, FL 33416

PH#: 1-888-820-6474
Fax #: 1-856-917-8300

PEGGY JEAN JONES
KEITH ANTHONY JONES
367 JAMISON RD
HOLLY SPRINGS MS 38635-8339

Account Number: ▮▮▮▮▮▮▮

**Property Address:**
367 JAMISON RD
HOLLY SPRINGS MS 38635-8339

June 8, 2023

## NOTIFICATION OF PAYMENT DEFERRAL

Dear Customer(s),



### Why We Are Sending This Letter

We previously approved this account for a **Temporary Hardship Forbearance Plan ("Forbearance Plan")** due to a financial hardship related to COVID-19.

We are pleased to inform you that this account has also been approved for a **Payment Deferral** in order to provide additional time to make payments given these challenging times.

In accordance with the terms of this **Payment Deferral:**

- All unpaid monthly payments that were originally due on or before 5/31/2023 are no longer due at the end of the Forbearance Plan. Instead, this amount of $639.73 is now due on 7/1/2036 or upon loan payoff, whichever comes first**.**
- This account is now current through 5/31/2023.



### What You Need to Do?

**No further action is required to accept this Payment Deferral or to continue on the Forbearance Plan.** If you wish to decline this payment deferral, please call us to discuss your situation.

This notice changes only the due date of the deferred amounts outlined above. All remaining terms of the previously-approved Forbearance Plan remain unchanged (see next page for recap of Forbearance Plan terms).

### What We Will Do

During the term of the Forbearance Plan, we will not assess late fees, nor will we report the account as delinquent to credit bureaus or initiate any foreclosure proceedings.

**Before the end of the Forbearance Plan, we will contact you** and if you are still experiencing a hardship at that time, we can discuss additional options which may include any available forbearance extensions, repayment plan, a payment deferral or other loan modification options.

---

DELIVERED ELECTRONICALLY

**newrez**

C/O PHH Mortgage Services |PO Box 24738
West Palm Beach, FL 33416

PH#: 1-888-820-6474
Fax #: 1-856-917-8300

We hope that this Payment Deferral helps relieve some of the stress associated with the hardship you are experiencing as a result of COVID-19 and allows you to focus on taking care of yourself and your loved ones. If you have questions, please call us at 1-888-820-6474. Information can also be found online at www.MortgageQuestions.com.

We are here to help! To speak with the assigned Relationship Manager, LILIANA VILLAMIZAR who is the designated contact for inquiries and the submission of documents, you can schedule an appointment by visiting www.MortgageQuestions.com and select Schedule calls under the Loan Specialist option or call toll-free at 1-888-820-6474 Monday through Friday from 8:00 am to 9:00 pm ET. If immediate assistance is required, another dedicated member of our Home Retention Team or our Customer Care Center will be available to assist you. Depending on the status of the account, specific information may also be available online at www.MortgageQuestions.com.

Sincerely,
Loan Servicing

INTERNET REPRINT

DELIVERED ELECTRONICALLY

**newrez**

C/O PHH Mortgage Services |PO Box 24738
West Palm Beach, FL 33416

PH#: 1-888-820-6474
Fax #: 1-856-917-8300

## IMPORTANT INFORMATION REGARDING THE FORBEARANCE PLAN AND PAYMENT DEFERRAL

- The remaining monthly payments that were forborne under the Forbearance Plan and not deferred as part of this, or any prior, Payment Deferral will continue to be due as outlined in the Temporary Hardship Forbearance Plan Agreement letter we sent.  Key terms of this plan:

  - Next Due Date: 9/1/2023

  - Number of monthly payments due on Next Due Date: 4

  - Amount Due on Next Due Date: $2558.92

  - Upon completion of the Forbearance Plan and beginning on the Next Due Date, the obligation to pay the regular monthly mortgage payments will resume

  - All other account terms remain unchanged during the Forbearance Plan

- Please note that the Amount Due on Next Due Date is approximate and may not account for any increase or decrease to the regular monthly mortgage payment during the Forbearance Plan period, such as those resulting from an escrow analysis or an ARM adjustment.

- If the account previously included a deferred balance, this Payment Deferral is in addition to, and does not replace or relieve the obligation to pay, such previously-deferred amounts.  Accordingly, the total deferred balance on the account now includes such previously-deferred amounts, together with those payment(s) being deferred in accordance with the Payment Deferral described herein.

- Any bankruptcy filing during the Forbearance Plan period may void the Forbearance Plan.

- The obligation to pay the monthly mortgage payment will continue to be suspended until the Next Due Date described above. However, we will continue to accept **voluntary** payments before the Next Due Date and any such payment that is received after the date of this notice will be applied toward the monthly payment due.

- Information regarding the next monthly account statement:

  - Because this Payment Deferral defers the obligation to make the payment(s) described herein to a date in the future, the next monthly account statement will reflect that these amounts are no longer "Past Due Payment(s)."

  - These amounts will, instead, be included in the "Deferred Balance" reflected on the monthly account statement (together with any pre-existing deferred amounts).

  - Although the "Deferred Balance" may be displayed as a sub-set of the "Outstanding <u>Principal</u> Balance," the payment(s) being deferred under this Payment Deferral will not accrue additional interest and, in future monthly account statements, we will be adjusting the heading that reads "Outstanding Principal Balance" to "Outstanding Balance" in order to avoid any confusion.

  - For escrowed loans, the monthly account statement will also reflect an "Escrow Deposit" in the "Transaction Activity" section.  Because the obligation to pay the monthly payment(s) described herein (which includes the escrow component of such payment(s)) has been deferred to a date in the future, we have made an advance to the escrow account in order to keep it funded and avoid a shortage as a result of the deferred payment(s), which could have resulted in an increase to the monthly payment after the next escrow analysis.  However, our advancement and deposit of these funds into the escrow account does not in any way waive or release the obligation to pay these amounts in the future when the deferred payment(s) are due.

---



DELIVERED ELECTRONICALLY

C/O PHH Mortgage Services |PO Box 24738                                    PH#: 1-888-820-6474
West Palm Beach, FL 33416                                                  Fax #: 1-856-917-8300

## Other Important Information

**HUD Counseling**

For additional assistance, the United States Department of Housing and Urban Development ("HUD"), which is a government agency, sponsors housing counseling agencies throughout the country that can provide you advice on foreclosure alternatives, budgetary issues, and even assistance with understanding this notice.  There is no fee for this service. If you would like assistance, you can contact a HUD-approved housing counselor by calling 1-800-569-4287 or you can reach the HOPE Hotline number at 1-888-995-HOPE.  You may also visit the HUD website at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

**HUD Consejeria**

Para obtener ayuda adicional, el Departamento de Vivienda y Desarrollo Urbano ("HUD") de Estados Unidos, que es una agencia del gobierno, patrocina agencias de asesoria de vivienda en todo el pais que le puede proporcionar asesoramiento sobre las alternativas de ejecución hipotecaria, las cuestiones presupuestarias, e incluso la asistencia con la comprension de este aviso. No hay que pagar por este servicio. Si desea ayuda, puede ponerse en contacto con un asesor de vivienda aprobado por HUD llamando al 1-800-569-4287 o puede llegar a la Linea Directa de HOPE al 1-888-995-HOPE. También puede visitar el sitio web de HUD en http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

**Attention Servicemembers and Dependents**

Servicemember on "active duty" or "active service", or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC §§ 3901-4043) (SCRA). If you are entitled to or have questions as to whether you are entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal   or call 1-800-342-9647 to find out more information. You can also contact us at 1-888-820-6474 if you have any questions about your rights under SCRA.

**Requests for Information and Notices of Error, including Qualified Written Requests**

If you wish to request information or assert an error relating to the servicing of your mortgage loan, including any Qualified Written Requests, you must use the address below and include your name, your mortgage loan account number, property address and a statement of either the information you are requesting or the error you believe has occurred.

PHH Mortgage Services
Post Office Box 66002
Lawrenceville, NJ 08648

INTERNET REPRINT

DELIVERED ELECTRONICALLY

# newrez

C/O PHH Mortgage Services | PO Box 24738
West Palm Beach, FL 33416

PH#: 1-888-820-6474
Fax #: 1-856-917-8300

PEGGY JEAN JONES
KEITH ANTHONY JONES
367 JAMISON RD
HOLLY SPRINGS MS 38635-8339

Account Number: ███████

**Property Address:**
367 JAMISON RD
HOLLY SPRINGS MS 38635-8339

May 2, 2023

## NOTIFICATION OF PAYMENT DEFERRAL

Dear Customer(s),



**Why We Are Sending This Letter**

We previously approved this account for a **Temporary Hardship Forbearance Plan ("Forbearance Plan")** due to a financial hardship related to COVID-19.

We are pleased to inform you that this account has also been approved for a **Payment Deferral** in order to provide additional time to make payments given these challenging times.

In accordance with the terms of this **Payment Deferral:**

- All unpaid monthly payments that were originally due on or before 04/30/2023 are no longer due at the end of the Forbearance Plan.  Instead, this amount of $600.96 is now due on 07/01/2036 or upon loan payoff, whichever comes first**.**
- This account is now current through 04/30/2023.



**What You Need to Do?**

**No further action is required to accept this Payment Deferral or to continue on the Forbearance Plan.** If you wish to decline this payment deferral, please call us to discuss your situation.

This notice changes only the due date of the deferred amounts outlined above. All remaining terms of the previously-approved Forbearance Plan remain unchanged (see next page for recap of Forbearance Plan terms).

**What We Will Do**

During the term of the Forbearance Plan, we will not assess late fees, nor will we report the account as delinquent to credit bureaus or initiate any foreclosure proceedings.

**Before the end of the Forbearance Plan, we will contact you** and if you are still experiencing a hardship at that time, we can discuss additional options which may include any available forbearance extensions, repayment plan, a payment deferral or other loan modification options.

---

INTERNET REPRINT



DELIVERED ELECTRONICALLY

C/O PHH Mortgage Services |PO Box 24738
West Palm Beach, FL 33416

PH#: 1-888-820-6474
Fax #: 1-856-917-8300

We hope that this Payment Deferral helps relieve some of the stress associated with the hardship you are experiencing as a result of COVID-19 and allows you to focus on taking care of yourself and your loved ones. If you have questions, please call us at 1-888-820-6474. Information can also be found online at www.MortgageQuestions.com.

We are here to help! To speak with the assigned Relationship Manager, LILIANA VILLAMIZAR who is the designated contact for inquiries and the submission of documents, you can schedule an appointment by visiting www.MortgageQuestions.com and select Schedule calls under the Loan Specialist option or call toll-free at 1-888-820-6474 Monday through Friday from 8:00 am to 9:00 pm ET. If immediate assistance is required, another dedicated member of our Home Retention Team or our Customer Care Center will be available to assist you. Depending on the status of the account, specific information may also be available online at www.MortgageQuestions.com.

Sincerely,
Loan Servicing

**newrez**

C/O PHH Mortgage Services |PO Box 24738
West Palm Beach, FL 33416

PH#: 1-888-820-6474
Fax #: 1-856-917-8300

## IMPORTANT INFORMATION REGARDING THE FORBEARANCE PLAN AND PAYMENT DEFERRAL

- The remaining monthly payments that were forborne under the Forbearance Plan and not deferred as part of this, or any prior, Payment Deferral will continue to be due as outlined in the Temporary Hardship Forbearance Plan Agreement letter we sent.  Key terms of this plan:

  - Next Due Date: 06/01/2023

  - Number of monthly payments due on Next Due Date: 2

  - Amount Due on Next Due Date: $1201.92

  - Upon completion of the Forbearance Plan and beginning on the Next Due Date, the obligation to pay the regular monthly mortgage payments will resume

  - All other account terms remain unchanged during the Forbearance Plan

- Please note that the Amount Due on Next Due Date is approximate and may not account for any increase or decrease to the regular monthly mortgage payment during the Forbearance Plan period, such as those resulting from an escrow analysis or an ARM adjustment.

- If the account previously included a deferred balance, this Payment Deferral is in addition to, and does not replace or relieve the obligation to pay, such previously-deferred amounts.  Accordingly, the total deferred balance on the account now includes such previously-deferred amounts, together with those payment(s) being deferred in accordance with the Payment Deferral described herein.

- Any bankruptcy filing during the Forbearance Plan period may void the Forbearance Plan.

- The obligation to pay the monthly mortgage payment will continue to be suspended until the Next Due Date described above. However, we will continue to accept **voluntary** payments before the Next Due Date and any such payment that is received after the date of this notice will be applied toward the monthly payment due.

- Information regarding the next monthly account statement:

  - Because this Payment Deferral defers the obligation to make the payment(s) described herein to a date in the future, the next monthly account statement will reflect that these amounts are no longer "Past Due Payment(s)."

  - These amounts will, instead, be included in the "Deferred Balance" reflected on the monthly account statement (together with any pre-existing deferred amounts).

  - Although the "Deferred Balance" may be displayed as a sub-set of the "Outstanding <u>Principal</u> Balance," the payment(s) being deferred under this Payment Deferral will not accrue additional interest and, in future monthly account statements, we will be adjusting the heading that reads "Outstanding Principal Balance" to "Outstanding Balance" in order to avoid any confusion.

  - For escrowed loans, the monthly account statement will also reflect an "Escrow Deposit" in the "Transaction Activity" section.  Because the obligation to pay the monthly payment(s) described herein (which includes the escrow component of such payment(s)) has been deferred to a date in the future, we have made an advance to the escrow account in order to keep it funded and avoid a shortage as a result of the deferred payment(s), which could have resulted in an increase to the monthly payment after the next escrow analysis.  However, our advancement and deposit of these funds into the escrow account does not in any way waive or release the obligation to pay these amounts in the future when the deferred payment(s) are due.

---

DELIVERED ELECTRONICALLY



C/O PHH Mortgage Services |PO Box 24738
West Palm Beach, FL 33416

PH#: 1-888-820-6474
Fax #: 1-856-917-8300

---

**Other Important Information**

HUD Counseling

For additional assistance, the United States Department of Housing and Urban Development ("HUD"), which is a government agency, sponsors housing counseling agencies throughout the country that can provide you advice on foreclosure alternatives, budgetary issues, and even assistance with understanding this notice.  There is no fee for this service. If you would like assistance, you can contact a HUD-approved housing counselor by calling 1-800-569-4287 or you can reach the HOPE Hotline number at 1-888-995-HOPE.  You may also visit the HUD website at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

HUD Consejeria

Para obtener ayuda adicional, el Departamento de Vivienda y Desarrollo Urbano ("HUD") de Estados Unidos, que es una agencia del gobierno, patrocina agencias de asesoria de vivienda en todo el pais que le puede proporcionar asesoramiento sobre las alternativas de ejecución hipotecaria, las cuestiones presupuestarias, e incluso la asistencia con la comprension de este aviso. No hay que pagar por este servicio. Si desea ayuda, puede ponerse en contacto con un asesor de vivienda aprobado por HUD llamando al 1-800-569-4287 o puede llegar a la Linea Directa de HOPE al 1-888-995-HOPE. También puede visitar el sitio web de HUD en http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

Attention Servicemembers and Dependents

Servicemember on "active duty" or "active service", or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC §§ 3901-4043) (SCRA). If you are entitled to or have questions as to whether you are entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal   or call 1-800-342-9647 to find out more information. You can also contact us at 1-888-820-6474 if you have any questions about your rights under SCRA.

Requests for Information and Notices of Error, including Qualified Written Requests

If you wish to request information or assert an error relating to the servicing of your mortgage loan, including any Qualified Written Requests, you must use the address below and include your name, your mortgage loan account number, property address and a statement of either the information you are requesting or the error you believe has occurred.

PHH Mortgage Services
Post Office Box 66002
Lawrenceville, NJ 08648

---

INTERNET REPRINT



**newrez**

C/O PHH Mortgage Services | PO Box 24738 | West Palm Beach FL 33416 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

April 6, 2023                                                                          Account Number: ▮▮▮▮▮▮

DELIVERED ELECTRONICALLY

PEGGY JEAN JONES
KEITH ANTHONY JONES
367 JAMISON RD
HOLLY SPRINGS MS 38635-8339

**Property Address:**
367 JAMISON RD
HOLLY SPRINGS MS 38635-8339

## NOTIFICATION OF PAYMENT DEFERRAL

Dear Customer(s),



**Why We Are Sending This Letter**

We previously approved this account for a **Temporary Hardship Forbearance Plan ("Forbearance Plan")** due to a financial hardship related to COVID-19.

We are pleased to inform you that this account has also been approved for a **Payment Deferral** in order to provide additional time to make payments given these challenging times.

In accordance with the terms of this **Payment Deferral:**

- All unpaid monthly payments that were originally due on or before 3/31/2023 are no longer due at the end of the Forbearance Plan.  Instead, this amount of $600.96 is now due on 7/1/2036 or upon loan payoff, whichever comes first**.**

- This account is now current through 3/31/2023.



**What You Need to Do?**

**No further action is required to accept this Payment Deferral or to continue on the Forbearance Plan.** If you wish to decline this payment deferral, please call us to discuss your situation.

This notice changes only the due date of the deferred amounts outlined above. All remaining terms of the previously-approved Forbearance Plan remain unchanged (see next page for recap of Forbearance Plan terms).



**What We Will Do**

During the term of the Forbearance Plan, we will not assess late fees, nor will we report the account as delinquent to credit bureaus or initiate any foreclosure proceedings.

**Before the end of the Forbearance Plan, we will contact you** and if you are still experiencing a hardship at that time, we can discuss additional options which may include any available forbearance extensions, repayment plan, a payment deferral or other loan modification options.



C/O PHH Mortgage Services | PO Box 24738 | West Palm Beach FL 33416 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

DELIVERED ELECTRONICALLY

We hope that this Payment Deferral helps relieve some of the stress associated with the hardship you are experiencing as a result of COVID-19 and allows you to focus on taking care of yourself and your loved ones. If you have questions, please call us at 1-888-820-6474. Information can also be found online at www.MortgageQuestions.com.

For any questions, please contact our Customer Care Center at 1-888-820-6474 Monday through Friday from 8:00 am to 9:00 pm and Saturday from 8:00 am to 5:00 pm ET. Depending on the status of the account, specific information may also be available online at www.MortgageQuestions.com.

Sincerely,
Loan Servicing

INTERNET REPRINT



DELIVERED ELECTRONICALLY

C/O PHH Mortgage Services | PO Box 24738 | West Palm Beach FL 33416 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

**IMPORTANT INFORMATION REGARDING THE FORBEARANCE PLAN AND PAYMENT DEFERRAL**

- The remaining monthly payments that were forborne under the Forbearance Plan and not deferred as part of this, or any prior, Payment Deferral will continue to be due as outlined in the Temporary Hardship Forbearance Plan Agreement letter we sent.  Key terms of this plan:

  - Next Due Date: 6/1/2023

  - Number of monthly payments due on Next Due Date: 3

  - Amount Due on Next Due Date: $1802.88

  - Upon completion of the Forbearance Plan and beginning on the Next Due Date, the obligation to pay the regular monthly mortgage payments will resume

  - All other account terms remain unchanged during the Forbearance Plan

- Please note that the Amount Due on Next Due Date is approximate and may not account for any increase or decrease to the regular monthly mortgage payment during the Forbearance Plan period, such as those resulting from an escrow analysis or an ARM adjustment.

- If the account previously included a deferred balance, this Payment Deferral is in addition to, and does not replace or relieve the obligation to pay, such previously-deferred amounts.  Accordingly, the total deferred balance on the account now includes such previously-deferred amounts, together with those payment(s) being deferred in accordance with the Payment Deferral described herein.

- Any bankruptcy filing during the Forbearance Plan period may void the Forbearance Plan.

- The obligation to pay the monthly mortgage payment will continue to be suspended until the Next Due Date described above. However, we will continue to accept **voluntary** payments before the Next Due Date and any such payment that is received after the date of this notice will be applied toward the monthly payment due.

- Information regarding the next monthly account statement:

  - Because this Payment Deferral defers the obligation to make the payment(s) described herein to a date in the future, the next monthly account statement will reflect that these amounts are no longer "Past Due Payment(s)."

  - These amounts will, instead, be included in the "Deferred Balance" reflected on the monthly account statement (together with any pre-existing deferred amounts).

  - Although the "Deferred Balance" may be displayed as a sub-set of the "Outstanding Principal Balance," the payment(s) being deferred under this Payment Deferral will not accrue additional interest and, in future monthly account statements, we will be adjusting the heading that reads "Outstanding Principal Balance" to "Outstanding Balance" in order to avoid any confusion.

  - For escrowed loans, the monthly account statement will also reflect an "Escrow Deposit" in the "Transaction Activity" section.  Because the obligation to pay the monthly payment(s) described herein (which includes the escrow component of such payment(s)) has been deferred to a date in the future, we have made an advance to the escrow account in order to keep it funded and avoid a shortage as a result of the deferred payment(s), which could have resulted in an increase to the monthly payment after the next escrow analysis.  However, our advancement and deposit of these funds into the escrow account does not in any way waive or release the obligation to pay these amounts in the future when the deferred payment(s) are due.

INTERNET REPRINT

DELIVERED ELECTRONICALLY



C/O PHH Mortgage Services | PO Box 24738 | West Palm Beach FL 33416 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

| **Other Important Information** |
| --- |

**HUD Counseling**

For additional assistance, the United States Department of Housing and Urban Development ("HUD"), which is a government agency, sponsors housing counseling agencies throughout the country that can provide you advice on foreclosure alternatives, budgetary issues, and even assistance with understanding this notice.  There is no fee for this service. If you would like assistance, you can contact a HUD-approved housing counselor by calling 1-800-569-4287 or you can reach the HOPE Hotline number at 1-888-995-HOPE.  You may also visit the HUD website at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

**HUD Consejeria**

Para obtener ayuda adicional, el Departamento de Vivienda y Desarrollo Urbano ("HUD") de Estados Unidos, que es una agencia del gobierno, patrocina agencias de asesoria de vivienda en todo el pais que le puede proporcionar asesoramiento sobre las alternativas de ejecución hipotecaria, las cuestiones presupuestarias, e incluso la asistencia con la comprension de este aviso. No hay que pagar por este servicio. Si desea ayuda, puede ponerse en contacto con un asesor de vivienda aprobado por HUD llamando al 1-800-569-4287 o puede llegar a la Linea Directa de HOPE al 1-888-995-HOPE. También puede visitar el sitio web de HUD en http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

**Attention Servicemembers and Dependents**

Servicemember on "active duty" or "active service", or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC §§ 3901-4043) (SCRA).  If you are entitled to or have questions as to whether you are entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal or call 1-800-342-9647 to find out more information.  You can also contact us at 1-888-820-6474 if you have any questions about your rights under SCRA.

**Requests for Information and Notices of Error, including Qualified Written Requests**

If you wish to request information or assert an error relating to the servicing of your mortgage loan, including any Qualified Written Requests, you must use the address below and include your name, your mortgage loan account number, property address and a statement of either the information you are requesting or the error you believe has occurred.

PHH Mortgage Services
Post Office Box 66002
Lawrenceville, NJ 08648

INTERNET REPRINT


# newrez

C/O PHH Mortgage Services | PO Box 24738 | West Palm Beach FL 33416 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

March 3, 2023                                                                    Account Number: ▮▮▮▮▮▮

DELIVERED ELECTRONICALLY

PEGGY JEAN JONES                                      **Property Address:**
KEITH ANTHONY JONES                                  367 JAMISON RD
367 JAMISON RD                                       HOLLY SPRINGS MS 38635-8339
HOLLY SPRINGS MS 38635-8339

## NOTIFICATION OF PAYMENT DEFERRAL

Dear Customer(s),



**Why We Are Sending This Letter**

We previously approved this account for a **Temporary Hardship Forbearance Plan ("Forbearance Plan")** due to a financial hardship related to COVID-19.

We are pleased to inform you that this account has also been approved for a **Payment Deferral** in order to provide additional time to make payments given these challenging times.

In accordance with the terms of this **Payment Deferral:**

- All unpaid monthly payments that were originally due on or before 2/28/2023 are no longer due at the end of the Forbearance Plan. Instead, this amount of $600.96 is now due on 7/1/2036 or upon loan payoff, whichever comes first**.**
- This account is now current through 2/28/2023.



**What You Need to Do?**

**No further action is required to accept this Payment Deferral or to continue on the Forbearance Plan.** If you wish to decline this payment deferral, please call us to discuss your situation.

This notice changes only the due date of the deferred amounts outlined above. All remaining terms of the previously-approved Forbearance Plan remain unchanged (see next page for recap of Forbearance Plan terms).



**What We Will Do**

During the term of the Forbearance Plan, we will not assess late fees, nor will we report the account as delinquent to credit bureaus or initiate any foreclosure proceedings.

**Before the end of the Forbearance Plan, we will contact you** and if you are still experiencing a hardship at that time, we can discuss additional options which may include any available forbearance extensions, repayment plan, a payment deferral or other loan modification options.

---



DELIVERED ELECTRONICALLY

C/O PHH Mortgage Services | PO Box 24738 | West Palm Beach FL 33416 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

We hope that this Payment Deferral helps relieve some of the stress associated with the hardship you are experiencing as a result of COVID-19 and allows you to focus on taking care of yourself and your loved ones. If you have questions, please call us at 1-888-820-6474. Information can also be found online at www.MortgageQuestions.com.

For any questions, please contact our Customer Care Center at 1-888-820-6474 Monday through Friday from 8:00 am to 9:00 pm and Saturday from 8:00 am to 5:00 pm ET. Depending on the status of the account, specific information may also be available online at www.MortgageQuestions.com.

Sincerely,
Loan Servicing



DELIVERED ELECTRONICALLY

**newrez**

C/O PHH Mortgage Services | PO Box 24738 | West Palm Beach FL 33416 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

### IMPORTANT INFORMATION REGARDING THE FORBEARANCE PLAN AND PAYMENT DEFERRAL

- The remaining monthly payments that were forborne under the Forbearance Plan and not deferred as part of this, or any prior, Payment Deferral will continue to be due as outlined in the Temporary Hardship Forbearance Plan Agreement letter we sent.  Key terms of this plan:

  - Next Due Date: 3/1/2023

  - Number of monthly payments due on Next Due Date: 1

  - Amount Due on Next Due Date: $600.96

  - Upon completion of the Forbearance Plan and beginning on the Next Due Date, the obligation to pay the regular monthly mortgage payments will resume

  - All other account terms remain unchanged during the Forbearance Plan

- Please note that the Amount Due on Next Due Date is approximate and may not account for any increase or decrease to the regular monthly mortgage payment during the Forbearance Plan period, such as those resulting from an escrow analysis or an ARM adjustment.

- If the account previously included a deferred balance, this Payment Deferral is in addition to, and does not replace or relieve the obligation to pay, such previously-deferred amounts.  Accordingly, the total deferred balance on the account now includes such previously-deferred amounts, together with those payment(s) being deferred in accordance with the Payment Deferral described herein.

- Any bankruptcy filing during the Forbearance Plan period may void the Forbearance Plan.

- The obligation to pay the monthly mortgage payment will continue to be suspended until the Next Due Date described above. However, we will continue to accept **voluntary** payments before the Next Due Date and any such payment that is received after the date of this notice will be applied toward the monthly payment due.

- Information regarding the next monthly account statement:

  - Because this Payment Deferral defers the obligation to make the payment(s) described herein to a date in the future, the next monthly account statement will reflect that these amounts are no longer "Past Due Payment(s)."

  - These amounts will, instead, be included in the "Deferred Balance" reflected on the monthly account statement (together with any pre-existing deferred amounts).

  - Although the "Deferred Balance" may be displayed as a sub-set of the "Outstanding Principal Balance," the payment(s) being deferred under this Payment Deferral will not accrue additional interest and, in future monthly account statements, we will be adjusting the heading that reads "Outstanding Principal Balance" to "Outstanding Balance" in order to avoid any confusion.

  - For escrowed loans, the monthly account statement will also reflect an "Escrow Deposit" in the "Transaction Activity" section.  Because the obligation to pay the monthly payment(s) described herein (which includes the escrow component of such payment(s)) has been deferred to a date in the future, we have made an advance to the escrow account in order to keep it funded and avoid a shortage as a result of the deferred payment(s), which could have resulted in an increase to the monthly payment after the next escrow analysis.  However, our advancement and deposit of these funds into the escrow account does not in any way waive or release the obligation to pay these amounts in the future when the deferred payment(s) are due.

---

INTERNET REPRINT

DELIVERED ELECTRONICALLY



**newrez**

C/O PHH Mortgage Services | PO Box 24738 | West Palm Beach FL 33416 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

## Other Important Information

HUD Counseling

For additional assistance, the United States Department of Housing and Urban Development ("HUD"), which is a government agency, sponsors housing counseling agencies throughout the country that can provide you advice on foreclosure alternatives, budgetary issues, and even assistance with understanding this notice.  There is no fee for this service. If you would like assistance, you can contact a HUD-approved housing counselor by calling 1-800-569-4287 or you can reach the HOPE Hotline number at 1-888-995-HOPE.  You may also visit the HUD website at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

HUD Consejeria

Para obtener ayuda adicional, el Departamento de Vivienda y Desarrollo Urbano ("HUD") de Estados Unidos, que es una agencia del gobierno, patrocina agencias de asesoria de vivienda en todo el pais que le puede proporcionar asesoramiento sobre las alternativas de ejecución hipotecaria, las cuestiones presupuestarias, e incluso la asistencia con la comprension de este aviso. No hay que pagar por este servicio. Si desea ayuda, puede ponerse en contacto con un asesor de vivienda aprobado por HUD llamando al 1-800-569-4287 o puede llegar a la Linea Directa de HOPE al 1-888-995-HOPE. También puede visitar el sitio web de HUD en http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

Attention Servicemembers and Dependents

Servicemember on "active duty" or "active service", or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC §§ 3901-4043) (SCRA).  If you are entitled to or have questions as to whether you are entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal or call 1-800-342-9647 to find out more information.  You can also contact us at 1-888-820-6474 if you have any questions about your rights under SCRA.

Requests for Information and Notices of Error, including Qualified Written Requests

If you wish to request information or assert an error relating to the servicing of your mortgage loan, including any Qualified Written Requests, you must use the address below and include your name, your mortgage loan account number, property address and a statement of either the information you are requesting or the error you believe has occurred.

PHH Mortgage Services
Post Office Box 66002
Lawrenceville, NJ 08648

INTERNET REPRINT



DELIVERED ELECTRONICALLY

C/O PHH Mortgage Services | PO Box 24738 | West Palm Beach FL 33416 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

February 3, 2023                                                           Account Number: ▮▮▮▮▮▮



PEGGY JEAN JONES
KEITH ANTHONY JONES
367 JAMISON RD
HOLLY SPRINGS MS 38635-8339

**Property Address:**
367 JAMISON RD
HOLLY SPRINGS MS 38635-8339

## NOTIFICATION OF PAYMENT DEFERRAL

Dear Customer(s),



### Why We Are Sending This Letter

We previously approved this account for a **Temporary Hardship Forbearance Plan ("Forbearance Plan")** due to a financial hardship related to COVID-19.

We are pleased to inform you that this account has also been approved for a **Payment Deferral** in order to provide additional time to make payments given these challenging times.

In accordance with the terms of this **Payment Deferral:**

- All unpaid monthly payments that were originally due on or before 01/31/2023 are no longer due at the end of the Forbearance Plan.  Instead, this amount of $600.96 is now due on 07/01/2036 or upon loan payoff, whichever comes first**.**

- This account is now current through 01/31/2023.



### What You Need to Do?

**No further action is required to accept this Payment Deferral or to continue on the Forbearance Plan.** If you wish to decline this payment deferral, please call us to discuss your situation.

This notice changes only the due date of the deferred amounts outlined above. All remaining terms of the previously-approved Forbearance Plan remain unchanged (see next page for recap of Forbearance Plan terms).



### What We Will Do

During the term of the Forbearance Plan, we will not assess late fees, nor will we report the account as delinquent to credit bureaus or initiate any foreclosure proceedings.

**Before the end of the Forbearance Plan, we will contact you** and if you are still experiencing a hardship at that time, we can discuss additional options which may include any available forbearance extensions, repayment plan, a payment deferral or other loan modification options.

INTERNET REPRINT



DELIVERED ELECTRONICALLY

C/O PHH Mortgage Services | PO Box 24738 | West Palm Beach FL 33416 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

We hope that this Payment Deferral helps relieve some of the stress associated with the hardship you are experiencing as a result of COVID-19 and allows you to focus on taking care of yourself and your loved ones. If you have questions, please call us at 1-888-820-6474. Information can also be found online at www.MortgageQuestions.com.

For any questions, please contact our Customer Care Center at 1-888-820-6474 Monday through Friday from 8:00 am to 9:00 pm and Saturday from 8:00 am to 5:00 pm ET. Depending on the status of the account, specific information may also be available online at www.MortgageQuestions.com.

Sincerely,
Loan Servicing

INTERNET REPRINT

DELIVERED ELECTRONICALLY



C/O PHH Mortgage Services | PO Box 24738 | West Palm Beach FL 33416 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

### IMPORTANT INFORMATION REGARDING THE FORBEARANCE PLAN AND PAYMENT DEFERRAL

- The remaining monthly payments that were forborne under the Forbearance Plan and not deferred as part of this, or any prior, Payment Deferral will continue to be due as outlined in the Temporary Hardship Forbearance Plan Agreement letter we sent. Key terms of this plan:

  - Next Due Date: 03/01/2023

  - Number of monthly payments due on Next Due Date: 2

  - Amount Due on Next Due Date: $1201.92

  - Upon completion of the Forbearance Plan and beginning on the Next Due Date, the obligation to pay the regular monthly mortgage payments will resume

  - All other account terms remain unchanged during the Forbearance Plan

- Please note that the Amount Due on Next Due Date is approximate and may not account for any increase or decrease to the regular monthly mortgage payment during the Forbearance Plan period, such as those resulting from an escrow analysis or an ARM adjustment.

- If the account previously included a deferred balance, this Payment Deferral is in addition to, and does not replace or relieve the obligation to pay, such previously-deferred amounts. Accordingly, the total deferred balance on the account now includes such previously-deferred amounts, together with those payment(s) being deferred in accordance with the Payment Deferral described herein.

- Any bankruptcy filing during the Forbearance Plan period may void the Forbearance Plan.

- The obligation to pay the monthly mortgage payment will continue to be suspended until the Next Due Date described above. However, we will continue to accept **voluntary** payments before the Next Due Date and any such payment that is received after the date of this notice will be applied toward the monthly payment due.

- Information regarding the next monthly account statement:

  - Because this Payment Deferral defers the obligation to make the payment(s) described herein to a date in the future, the next monthly account statement will reflect that these amounts are no longer "Past Due Payment(s)."

  - These amounts will, instead, be included in the "Deferred Balance" reflected on the monthly account statement (together with any pre-existing deferred amounts).

  - Although the "Deferred Balance" may be displayed as a sub-set of the "Outstanding Principal Balance," the payment(s) being deferred under this Payment Deferral will not accrue additional interest and, in future monthly account statements, we will be adjusting the heading that reads "Outstanding Principal Balance" to "Outstanding Balance" in order to avoid any confusion.

  - For escrowed loans, the monthly account statement will also reflect an "Escrow Deposit" in the "Transaction Activity" section. Because the obligation to pay the monthly payment(s) described herein (which includes the escrow component of such payment(s)) has been deferred to a date in the future, we have made an advance to the escrow account in order to keep it funded and avoid a shortage as a result of the deferred payment(s), which could have resulted in an increase to the monthly payment after the next escrow analysis. However, our advancement and deposit of these funds into the escrow account does not in any way waive or release the obligation to pay these amounts in the future when the deferred payment(s) are due.

INTERNET REPRINT



DELIVERED ELECTRONICALLY

C/O PHH Mortgage Services | PO Box 24738 | West Palm Beach FL 33416 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

## Other Important Information

HUD Counseling

For additional assistance, the United States Department of Housing and Urban Development ("HUD"), which is a government agency, sponsors housing counseling agencies throughout the country that can provide you advice on foreclosure alternatives, budgetary issues, and even assistance with understanding this notice.  There is no fee for this service. If you would like assistance, you can contact a HUD-approved housing counselor by calling 1-800-569-4287 or you can reach the HOPE Hotline number at 1-888-995-HOPE.  You may also visit the HUD website at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

HUD Consejeria

Para obtener ayuda adicional, el Departamento de Vivienda y Desarrollo Urbano ("HUD") de Estados Unidos, que es una agencia del gobierno, patrocina agencias de asesoria de vivienda en todo el pais que le puede proporcionar asesoramiento sobre las alternativas de ejecución hipotecaria, las cuestiones presupuestarias, e incluso la asistencia con la comprension de este aviso. No hay que pagar por este servicio. Si desea ayuda, puede ponerse en contacto con un asesor de vivienda aprobado por HUD llamando al 1-800-569-4287 o puede llegar a la Linea Directa de HOPE al 1-888-995-HOPE. También puede visitar el sitio web de HUD en http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

Attention Servicemembers and Dependents

Servicemember on "active duty" or "active service", or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC §§ 3901-4043) (SCRA).  If you are entitled to or have questions as to whether you are entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal or call 1-800-342-9647 to find out more information.  You can also contact us at 1-888-820-6474 if you have any questions about your rights under SCRA.

Requests for Information and Notices of Error, including Qualified Written Requests

If you wish to request information or assert an error relating to the servicing of your mortgage loan, including any Qualified Written Requests, you must use the address below and include your name, your mortgage loan account number, property address and a statement of either the information you are requesting or the error you believe has occurred.

PHH Mortgage Services
Post Office Box 66002
Lawrenceville, NJ 08648

INTERNET REPRINT



C/O PHH Mortgage Services | PO Box 24738 | West Palm Beach FL 33416 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

January 4, 2023                                                                    Account Number: ██████

DELIVERED ELECTRONICALLY



PEGGY JEAN JONES                                               **Property Address:**
KEITH ANTHONY JONES                                              367 JAMISON RD
367 JAMISON RD                                             HOLLY SPRINGS MS 38635-8339
HOLLY SPRINGS MS 38635-8339

# NOTIFICATION OF PAYMENT DEFERRAL

Dear Customer(s),



**Why We Are
Sending This
Letter**

We previously approved this account for a **Temporary Hardship Forbearance Plan ("Forbearance Plan")** due to a financial hardship related to COVID-19.

We are pleased to inform you that this account has also been approved for a **Payment Deferral** in order to provide additional time to make payments given these challenging times.

In accordance with the terms of this **Payment Deferral:**

- All unpaid monthly payments that were originally due on or before 12/31/2022 are no longer due at the end of the Forbearance Plan.  Instead, this amount of $600.96 is now due on 07/01/2036 or upon loan payoff, whichever comes first**.**

- This account is now current through 12/31/2022.



**What You
Need to Do?**

**No further action is required to accept this Payment Deferral or to continue on the Forbearance Plan.** If you wish to decline this payment deferral, please call us to discuss your situation.

This notice changes only the due date of the deferred amounts outlined above. All remaining terms of the previously-approved Forbearance Plan remain unchanged (see next page for recap of Forbearance Plan terms).



**What We
Will Do**

During the term of the Forbearance Plan, we will not assess late fees, nor will we report the account as delinquent to credit bureaus or initiate any foreclosure proceedings.

**Before the end of the Forbearance Plan, we will contact you** and if you are still experiencing a hardship at that time, we can discuss additional options which may include any available forbearance extensions, repayment plan, a payment deferral or other loan modification options.

---

www.MortgageQuestions.com                                                              XC092



C/O PHH Mortgage Services | PO Box 24738 | West Palm Beach FL 33416 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

DELIVERED ELECTRONICALLY

We hope that this Payment Deferral helps relieve some of the stress associated with the hardship you are experiencing as a result of COVID-19 and allows you to focus on taking care of yourself and your loved ones. If you have questions, please call us at 1-888-820-6474. Information can also be found online at www.MortgageQuestions.com.

For any questions, please contact our Customer Care Center at 1-888-820-6474 Monday through Friday from 8:00 am to 9:00 pm and Saturday from 8:00 am to 5:00 pm ET. Depending on the status of the account, specific information may also be available online at www.MortgageQuestions.com.

Sincerely,
Loan Servicing

www.MortgageQuestions.com                                                                                      XC092

INTERNET REPRINT

DELIVERED ELECTRONICALLY



**newrez**

C/O PHH Mortgage Services | PO Box 24738 | West Palm Beach FL 33416 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

## IMPORTANT INFORMATION REGARDING THE FORBEARANCE PLAN AND PAYMENT DEFERRAL

- The remaining monthly payments that were forborne under the Forbearance Plan and not deferred as part of this, or any prior, Payment Deferral will continue to be due as outlined in the Temporary Hardship Forbearance Plan Agreement letter we sent.  Key terms of this plan:

  - Next Due Date: 03/01/2023

  - Number of monthly payments due on Next Due Date: 3

  - Amount Due on Next Due Date: $1802.88

  - Upon completion of the Forbearance Plan and beginning on the Next Due Date, the obligation to pay the regular monthly mortgage payments will resume

  - All other account terms remain unchanged during the Forbearance Plan

- Please note that the Amount Due on Next Due Date is approximate and may not account for any increase or decrease to the regular monthly mortgage payment during the Forbearance Plan period, such as those resulting from an escrow analysis or an ARM adjustment.

- If the account previously included a deferred balance, this Payment Deferral is in addition to, and does not replace or relieve the obligation to pay, such previously-deferred amounts.  Accordingly, the total deferred balance on the account now includes such previously-deferred amounts, together with those payment(s) being deferred in accordance with the Payment Deferral described herein.

- Any bankruptcy filing during the Forbearance Plan period may void the Forbearance Plan.

- The obligation to pay the monthly mortgage payment will continue to be suspended until the Next Due Date described above. However, we will continue to accept **voluntary** payments before the Next Due Date and any such payment that is received after the date of this notice will be applied toward the monthly payment due.

- Information regarding the next monthly account statement:

  - Because this Payment Deferral defers the obligation to make the payment(s) described herein to a date in the future, the next monthly account statement will reflect that these amounts are no longer "Past Due Payment(s)."

  - These amounts will, instead, be included in the "Deferred Balance" reflected on the monthly account statement (together with any pre-existing deferred amounts).

  - Although the "Deferred Balance" may be displayed as a sub-set of the "Outstanding Principal Balance," the payment(s) being deferred under this Payment Deferral will not accrue additional interest and, in future monthly account statements, we will be adjusting the heading that reads "Outstanding Principal Balance" to "Outstanding Balance" in order to avoid any confusion.

  - For escrowed loans, the monthly account statement will also reflect an "Escrow Deposit" in the "Transaction Activity" section.  Because the obligation to pay the monthly payment(s) described herein (which includes the escrow component of such payment(s)) has been deferred to a date in the future, we have made an advance to the escrow account in order to keep it funded and avoid a shortage as a result of the deferred payment(s), which could have resulted in an increase to the monthly payment after the next escrow analysis.  However, our advancement and deposit of these funds into the escrow account does not in any way waive or release the obligation to pay these amounts in the future when the deferred payment(s) are due.



C/O PHH Mortgage Services | PO Box 24738 | West Palm Beach FL 33416 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

## Other Important Information

**HUD Counseling**

For additional assistance, the United States Department of Housing and Urban Development ("HUD"), which is a government agency, sponsors housing counseling agencies throughout the country that can provide you advice on foreclosure alternatives, budgetary issues, and even assistance with understanding this notice.  There is no fee for this service. If you would like assistance, you can contact a HUD-approved housing counselor by calling 1-800-569-4287 or you can reach the HOPE Hotline number at 1-888-995-HOPE.  You may also visit the HUD website at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

**HUD Consejeria**

Para obtener ayuda adicional, el Departamento de Vivienda y Desarrollo Urbano ("HUD") de Estados Unidos, que es una agencia del gobierno, patrocina agencias de asesoria de vivienda en todo el pais que le puede proporcionar asesoramiento sobre las alternativas de ejecución hipotecaria, las cuestiones presupuestarias, e incluso la asistencia con la comprension de este aviso. No hay que pagar por este servicio. Si desea ayuda, puede ponerse en contacto con un asesor de vivienda aprobado por HUD llamando al 1-800-569-4287 o puede llegar a la Linea Directa de HOPE al 1-888-995-HOPE. También puede visitar el sitio web de HUD en http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

**Attention Servicemembers and Dependents**

Servicemember on "active duty" or "active service", or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC §§ 3901-4043) (SCRA).  If you are entitled to or have questions as to whether you are entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal or call 1-800-342-9647 to find out more information.  You can also contact us at 1-888-820-6474 if you have any questions about your rights under SCRA.

**Requests for Information and Notices of Error, including Qualified Written Requests**

If you wish to request information or assert an error relating to the servicing of your mortgage loan, including any Qualified Written Requests, you must use the address below and include your name, your mortgage loan account number, property address and a statement of either the information you are requesting or the error you believe has occurred.

PHH Mortgage Services
Post Office Box 66002
Lawrenceville, NJ 08648

**newrez**

C/O PHH Mortgage Services | PO Box 24738 | West Palm Beach FL 33416 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

December 5, 2022                                                         Account Number: ▮▮▮▮▮▮

DELIVERED ELECTRONICALLY

PEGGY JEAN JONES                                    **Property Address:**
KEITH ANTHONY JONES                                367 JAMISON RD
367 JAMISON RD                                     HOLLY SPRINGS MS 38635-8339
HOLLY SPRINGS MS 38635-8339

# NOTIFICATION OF PAYMENT DEFERRAL

Dear Customer(s),



**Why We Are
Sending This
Letter**

We previously approved this account for a **Temporary Hardship Forbearance Plan ("Forbearance Plan")** due to a financial hardship related to COVID-19.

We are pleased to inform you that this account has also been approved for a **Payment Deferral** in order to provide additional time to make payments given these challenging times.

In accordance with the terms of this **Payment Deferral:**

- All unpaid monthly payments that were originally due on or before 11/30/2022 are no longer due at the end of the Forbearance Plan.  Instead, this amount of $600.96 is now due on 07/01/2036 or upon loan payoff, whichever comes first**.**

- This account is now current through 11/30/2022.



**What You
Need to Do?**

**No further action is required to accept this Payment Deferral or to continue on the Forbearance Plan.** If you wish to decline this payment deferral, please call us to discuss your situation.

This notice changes only the due date of the deferred amounts outlined above. All remaining terms of the previously-approved Forbearance Plan remain unchanged (see next page for recap of Forbearance Plan terms).



**What We
Will Do**

During the term of the Forbearance Plan, we will not assess late fees, nor will we report the account as delinquent to credit bureaus or initiate any foreclosure proceedings.

**Before the end of the Forbearance Plan, we will contact you** and if you are still experiencing a hardship at that time, we can discuss additional options which may include any available forbearance extensions, repayment plan, a payment deferral or other loan modification options.

---



DELIVERED ELECTRONICALLY

C/O PHH Mortgage Services | PO Box 24738 | West Palm Beach FL 33416 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

We hope that this Payment Deferral helps relieve some of the stress associated with the hardship you are experiencing as a result of COVID-19 and allows you to focus on taking care of yourself and your loved ones. If you have questions, please call us at 1-888-820-6474. Information can also be found online at www.MortgageQuestions.com.

For any questions, please contact our Customer Care Center at 1-888-820-6474 Monday through Friday from 8:00 am to 9:00 pm and Saturday from 8:00 am to 5:00 pm ET. Depending on the status of the account, specific information may also be available online at www.MortgageQuestions.com.

Sincerely,
Loan Servicing

DELIVERED ELECTRONICALLY



**newrez**

C/O PHH Mortgage Services | PO Box 24738 | West Palm Beach FL 33416 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

**IMPORTANT INFORMATION REGARDING THE FORBEARANCE PLAN AND PAYMENT DEFERRAL**

- The remaining monthly payments that were forborne under the Forbearance Plan and not deferred as part of this, or any prior, Payment Deferral will continue to be due as outlined in the Temporary Hardship Forbearance Plan Agreement letter we sent.  Key terms of this plan:

  - Next Due Date: 03/01/2023

  - Number of monthly payments due on Next Due Date: 4

  - Amount Due on Next Due Date: $2403.84

  - Upon completion of the Forbearance Plan and beginning on the Next Due Date, the obligation to pay the regular monthly mortgage payments will resume

  - All other account terms remain unchanged during the Forbearance Plan

- Please note that the Amount Due on Next Due Date is approximate and may not account for any increase or decrease to the regular monthly mortgage payment during the Forbearance Plan period, such as those resulting from an escrow analysis or an ARM adjustment.

- If the account previously included a deferred balance, this Payment Deferral is in addition to, and does not replace or relieve the obligation to pay, such previously-deferred amounts.  Accordingly, the total deferred balance on the account now includes such previously-deferred amounts, together with those payment(s) being deferred in accordance with the Payment Deferral described herein.

- Any bankruptcy filing during the Forbearance Plan period may void the Forbearance Plan.

- The obligation to pay the monthly mortgage payment will continue to be suspended until the Next Due Date described above. However, we will continue to accept **voluntary** payments before the Next Due Date and any such payment that is received after the date of this notice will be applied toward the monthly payment due.

- Information regarding the next monthly account statement:

  - Because this Payment Deferral defers the obligation to make the payment(s) described herein to a date in the future, the next monthly account statement will reflect that these amounts are no longer "Past Due Payment(s)."

  - These amounts will, instead, be included in the "Deferred Balance" reflected on the monthly account statement (together with any pre-existing deferred amounts).

  - Although the "Deferred Balance" may be displayed as a sub-set of the "Outstanding Principal Balance," the payment(s) being deferred under this Payment Deferral will not accrue additional interest and, in future monthly account statements, we will be adjusting the heading that reads "Outstanding Principal Balance" to "Outstanding Balance" in order to avoid any confusion.

  - For escrowed loans, the monthly account statement will also reflect an "Escrow Deposit" in the "Transaction Activity" section.  Because the obligation to pay the monthly payment(s) described herein (which includes the escrow component of such payment(s)) has been deferred to a date in the future, we have made an advance to the escrow account in order to keep it funded and avoid a shortage as a result of the deferred payment(s), which could have resulted in an increase to the monthly payment after the next escrow analysis.  However, our advancement and deposit of these funds into the escrow account does not in any way waive or release the obligation to pay these amounts in the future when the deferred payment(s) are due.

---

INTERNET REPRINT



DELIVERED ELECTRONICALLY

C/O PHH Mortgage Services | PO Box 24738 | West Palm Beach FL 33416 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

## Other Important Information

HUD Counseling

For additional assistance, the United States Department of Housing and Urban Development ("HUD"), which is a government agency, sponsors housing counseling agencies throughout the country that can provide you advice on foreclosure alternatives, budgetary issues, and even assistance with understanding this notice.  There is no fee for this service. If you would like assistance, you can contact a HUD-approved housing counselor by calling 1-800-569-4287 or you can reach the HOPE Hotline number at 1-888-995-HOPE.  You may also visit the HUD website at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

HUD Consejeria

Para obtener ayuda adicional, el Departamento de Vivienda y Desarrollo Urbano ("HUD") de Estados Unidos, que es una agencia del gobierno, patrocina agencias de asesoria de vivienda en todo el pais que le puede proporcionar asesoramiento sobre las alternativas de ejecución hipotecaria, las cuestiones presupuestarias, e incluso la asistencia con la comprension de este aviso. No hay que pagar por este servicio. Si desea ayuda, puede ponerse en contacto con un asesor de vivienda aprobado por HUD llamando al 1-800-569-4287 o puede llegar a la Linea Directa de HOPE al 1-888-995-HOPE. También puede visitar el sitio web de HUD en http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

Attention Servicemembers and Dependents

Servicemember on "active duty" or "active service", or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC §§ 3901-4043) (SCRA).  If you are entitled to or have questions as to whether you are entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal or call 1-800-342-9647 to find out more information.  You can also contact us at 1-888-820-6474 if you have any questions about your rights under SCRA.

Requests for Information and Notices of Error, including Qualified Written Requests

If you wish to request information or assert an error relating to the servicing of your mortgage loan, including any Qualified Written Requests, you must use the address below and include your name, your mortgage loan account number, property address and a statement of either the information you are requesting or the error you believe has occurred.

PHH Mortgage Services
Post Office Box 66002
Lawrenceville, NJ 08648

INTERNET REPRINT



DELIVERED ELECTRONICALLY

**newrez**

C/O PHH Mortgage Services | PO Box 24738 | West Palm Beach FL 33416 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

November 2, 2022                                                                Account Number: ▮▮▮▮▮

PEGGY JEAN JONES
KEITH ANTHONY JONES
367 JAMISON RD
HOLLY SPRINGS MS 38635-8339

**Property Address:**
367 JAMISON RD
HOLLY SPRINGS MS 38635-8339

# NOTIFICATION OF PAYMENT DEFERRAL

Dear Customer(s),



**Why We Are
Sending This
Letter**

We previously approved this account for a **Temporary Hardship Forbearance Plan ("Forbearance Plan")** due to a financial hardship related to COVID-19.

We are pleased to inform you that this account has also been approved for a **Payment Deferral** in order to provide additional time to make payments given these challenging times.

In accordance with the terms of this **Payment Deferral:**

- All unpaid monthly payments that were originally due on or before 10/31/2022 are no longer due at the end of the Forbearance Plan.  Instead, this amount of $600.96 is now due on 07/01/2036 or upon loan payoff, whichever comes first**.**

- This account is now current through 10/31/2022.



**What You
Need to Do?**

**No further action is required to accept this Payment Deferral or to continue on the Forbearance Plan.** If you wish to decline this payment deferral, please call us to discuss your situation.

This notice changes only the due date of the deferred amounts outlined above. All remaining terms of the previously-approved Forbearance Plan remain unchanged (see next page for recap of Forbearance Plan terms).



**What We
Will Do**

During the term of the Forbearance Plan, we will not assess late fees, nor will we report the account as delinquent to credit bureaus or initiate any foreclosure proceedings.

**Before the end of the Forbearance Plan, we will contact you** and if you are still experiencing a hardship at that time, we can discuss additional options which may include any available forbearance extensions, repayment plan, a payment deferral or other loan modification options.

---



C/O PHH Mortgage Services | PO Box 24738 | West Palm Beach FL 33416 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

DELIVERED ELECTRONICALLY

We hope that this Payment Deferral helps relieve some of the stress associated with the hardship you are experiencing as a result of COVID-19 and allows you to focus on taking care of yourself and your loved ones. If you have questions, please call us at 1-888-820-6474. Information can also be found online at www.MortgageQuestions.com.

For any questions, please contact our Customer Care Center at 1-888-820-6474 Monday through Friday from 8:00 am to 9:00 pm and Saturday from 8:00 am to 5:00 pm ET. Depending on the status of the account, specific information may also be available online at www.MortgageQuestions.com.

Sincerely,
Loan Servicing

INTERNET REPRINT

DELIVERED ELECTRONICALLY



**newrez**

C/O PHH Mortgage Services | PO Box 24738 | West Palm Beach FL 33416 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

## IMPORTANT INFORMATION REGARDING THE FORBEARANCE PLAN AND PAYMENT DEFERRAL

- The remaining monthly payments that were forborne under the Forbearance Plan and not deferred as part of this, or any prior, Payment Deferral will continue to be due as outlined in the Temporary Hardship Forbearance Plan Agreement letter we sent.  Key terms of this plan:

  - Next Due Date: 12/01/2022

  - Number of monthly payments due on Next Due Date: 2

  - Amount Due on Next Due Date: $1201.92

  - Upon completion of the Forbearance Plan and beginning on the Next Due Date, the obligation to pay the regular monthly mortgage payments will resume

  - All other account terms remain unchanged during the Forbearance Plan

- Please note that the Amount Due on Next Due Date is approximate and may not account for any increase or decrease to the regular monthly mortgage payment during the Forbearance Plan period, such as those resulting from an escrow analysis or an ARM adjustment.

- If the account previously included a deferred balance, this Payment Deferral is in addition to, and does not replace or relieve the obligation to pay, such previously-deferred amounts.  Accordingly, the total deferred balance on the account now includes such previously-deferred amounts, together with those payment(s) being deferred in accordance with the Payment Deferral described herein.

- Any bankruptcy filing during the Forbearance Plan period may void the Forbearance Plan.

- The obligation to pay the monthly mortgage payment will continue to be suspended until the Next Due Date described above. However, we will continue to accept **voluntary** payments before the Next Due Date and any such payment that is received after the date of this notice will be applied toward the monthly payment due.

- Information regarding the next monthly account statement:

  - Because this Payment Deferral defers the obligation to make the payment(s) described herein to a date in the future, the next monthly account statement will reflect that these amounts are no longer "Past Due Payment(s)."

  - These amounts will, instead, be included in the "Deferred Balance" reflected on the monthly account statement (together with any pre-existing deferred amounts).

  - Although the "Deferred Balance" may be displayed as a sub-set of the "Outstanding Principal Balance," the payment(s) being deferred under this Payment Deferral will not accrue additional interest and, in future monthly account statements, we will be adjusting the heading that reads "Outstanding Principal Balance" to "Outstanding Balance" in order to avoid any confusion.

  - For escrowed loans, the monthly account statement will also reflect an "Escrow Deposit" in the "Transaction Activity" section.  Because the obligation to pay the monthly payment(s) described herein (which includes the escrow component of such payment(s)) has been deferred to a date in the future, we have made an advance to the escrow account in order to keep it funded and avoid a shortage as a result of the deferred payment(s), which could have resulted in an increase to the monthly payment after the next escrow analysis.  However, our advancement and deposit of these funds into the escrow account does not in any way waive or release the obligation to pay these amounts in the future when the deferred payment(s) are due.

INTERNET REPRINT



C/O PHH Mortgage Services | PO Box 24738 | West Palm Beach FL 33416 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

## Other Important Information

**HUD Counseling**

For additional assistance, the United States Department of Housing and Urban Development ("HUD"), which is a government agency, sponsors housing counseling agencies throughout the country that can provide you advice on foreclosure alternatives, budgetary issues, and even assistance with understanding this notice.  There is no fee for this service. If you would like assistance, you can contact a HUD-approved housing counselor by calling 1-800-569-4287 or you can reach the HOPE Hotline number at 1-888-995-HOPE.  You may also visit the HUD website at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

**HUD Consejeria**

Para obtener ayuda adicional, el Departamento de Vivienda y Desarrollo Urbano ("HUD") de Estados Unidos, que es una agencia del gobierno, patrocina agencias de asesoria de vivienda en todo el pais que le puede proporcionar asesoramiento sobre las alternativas de ejecución hipotecaria, las cuestiones presupuestarias, e incluso la asistencia con la comprension de este aviso. No hay que pagar por este servicio. Si desea ayuda, puede ponerse en contacto con un asesor de vivienda aprobado por HUD llamando al 1-800-569-4287 o puede llegar a la Linea Directa de HOPE al 1-888-995-HOPE. También puede visitar el sitio web de HUD en http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

**Attention Servicemembers and Dependents**

Servicemember on "active duty" or "active service", or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC §§ 3901-4043) (SCRA).  If you are entitled to or have questions as to whether you are entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal or call 1-800-342-9647 to find out more information.  You can also contact us at 1-888-820-6474 if you have any questions about your rights under SCRA.

**Requests for Information and Notices of Error, including Qualified Written Requests**

If you wish to request information or assert an error relating to the servicing of your mortgage loan, including any Qualified Written Requests, you must use the address below and include your name, your mortgage loan account number, property address and a statement of either the information you are requesting or the error you believe has occurred.

PHH Mortgage Services
Post Office Box 66002
Lawrenceville, NJ 08648



**DELIVERED ELECTRONICALLY**

C/O PHH Mortgage Services | PO Box 24738 | West Palm Beach FL 33416 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

October 4, 2022                                                                 Account Number: ■■■■■■■



PEGGY JEAN JONES
KEITH ANTHONY JONES
367 JAMISON RD
HOLLY SPRINGS MS 38635-8339

**Property Address:**
367 JAMISON RD
HOLLY SPRINGS MS 38635-8339

# NOTIFICATION OF PAYMENT DEFERRAL

Dear Customer(s),



**Why We Are
Sending This
Letter**

We previously approved this account for a **Temporary Hardship Forbearance Plan ("Forbearance Plan")** due to a financial hardship related to COVID-19.

We are pleased to inform you that this account has also been approved for a **Payment Deferral** in order to provide additional time to make payments given these challenging times.

In accordance with the terms of this **Payment Deferral:**

- All unpaid monthly payments that were originally due on or before 09/30/2022 are no longer due at the end of the Forbearance Plan.  Instead, this amount of $600.96 is now due on 07/01/2036 or upon loan payoff, whichever comes first**.**

- This account is now current through 09/30/2022.



**What You
Need to Do?**

**No further action is required to accept this Payment Deferral or to continue on the Forbearance Plan.** If you wish to decline this payment deferral, please call us to discuss your situation.

This notice changes only the due date of the deferred amounts outlined above. All remaining terms of the previously-approved Forbearance Plan remain unchanged (see next page for recap of Forbearance Plan terms).



**What We
Will Do**

During the term of the Forbearance Plan, we will not assess late fees, nor will we report the account as delinquent to credit bureaus or initiate any foreclosure proceedings.

**Before the end of the Forbearance Plan, we will contact you** and if you are still experiencing a hardship at that time, we can discuss additional options which may include any available forbearance extensions, repayment plan, a payment deferral or other loan modification options.



C/O PHH Mortgage Services | PO Box 24738 | West Palm Beach FL 33416 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

DELIVERED ELECTRONICALLY

We hope that this Payment Deferral helps relieve some of the stress associated with the hardship you are experiencing as a result of COVID-19 and allows you to focus on taking care of yourself and your loved ones. If you have questions, please call us at 1-888-820-6474. Information can also be found online at www.MortgageQuestions.com.

For any questions, please contact our Customer Care Center at 1-888-820-6474 Monday through Friday from 8:00 am to 9:00 pm and Saturday from 8:00 am to 5:00 pm ET. Depending on the status of the account, specific information may also be available online at www.MortgageQuestions.com.

Sincerely,
Loan Servicing

DELIVERED ELECTRONICALLY



**newrez**

C/O PHH Mortgage Services | PO Box 24738 | West Palm Beach FL 33416 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

### IMPORTANT INFORMATION REGARDING THE FORBEARANCE PLAN AND PAYMENT DEFERRAL

- The remaining monthly payments that were forborne under the Forbearance Plan and not deferred as part of this, or any prior, Payment Deferral will continue to be due as outlined in the Temporary Hardship Forbearance Plan Agreement letter we sent.  Key terms of this plan:

  - Next Due Date: 12/01/2022

  - Number of monthly payments due on Next Due Date: 3

  - Amount Due on Next Due Date: $1802.88

  - Upon completion of the Forbearance Plan and beginning on the Next Due Date, the obligation to pay the regular monthly mortgage payments will resume

  - All other account terms remain unchanged during the Forbearance Plan

- Please note that the Amount Due on Next Due Date is approximate and may not account for any increase or decrease to the regular monthly mortgage payment during the Forbearance Plan period, such as those resulting from an escrow analysis or an ARM adjustment.

- If the account previously included a deferred balance, this Payment Deferral is in addition to, and does not replace or relieve the obligation to pay, such previously-deferred amounts.  Accordingly, the total deferred balance on the account now includes such previously-deferred amounts, together with those payment(s) being deferred in accordance with the Payment Deferral described herein.

- Any bankruptcy filing during the Forbearance Plan period may void the Forbearance Plan.

- The obligation to pay the monthly mortgage payment will continue to be suspended until the Next Due Date described above. However, we will continue to accept **voluntary** payments before the Next Due Date and any such payment that is received after the date of this notice will be applied toward the monthly payment due.

- Information regarding the next monthly account statement:

  - Because this Payment Deferral defers the obligation to make the payment(s) described herein to a date in the future, the next monthly account statement will reflect that these amounts are no longer "Past Due Payment(s)."

  - These amounts will, instead, be included in the "Deferred Balance" reflected on the monthly account statement (together with any pre-existing deferred amounts).

  - Although the "Deferred Balance" may be displayed as a sub-set of the "Outstanding <u>Principal</u> Balance," the payment(s) being deferred under this Payment Deferral will not accrue additional interest and, in future monthly account statements, we will be adjusting the heading that reads "Outstanding Principal Balance" to "Outstanding Balance" in order to avoid any confusion.

  - For escrowed loans, the monthly account statement will also reflect an "Escrow Deposit" in the "Transaction Activity" section.  Because the obligation to pay the monthly payment(s) described herein (which includes the escrow component of such payment(s)) has been deferred to a date in the future, we have made an advance to the escrow account in order to keep it funded and avoid a shortage as a result of the deferred payment(s), which could have resulted in an increase to the monthly payment after the next escrow analysis.  However, our advancement and deposit of these funds into the escrow account does not in any way waive or release the obligation to pay these amounts in the future when the deferred payment(s) are due.

---

INTERNET REPRINT

DELIVERED ELECTRONICALLY



C/O PHH Mortgage Services | PO Box 24738 | West Palm Beach FL 33416 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

## Other Important Information

HUD Counseling

For additional assistance, the United States Department of Housing and Urban Development ("HUD"), which is a government agency, sponsors housing counseling agencies throughout the country that can provide you advice on foreclosure alternatives, budgetary issues, and even assistance with understanding this notice.  There is no fee for this service. If you would like assistance, you can contact a HUD-approved housing counselor by calling 1-800-569-4287 or you can reach the HOPE Hotline number at 1-888-995-HOPE.  You may also visit the HUD website at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

HUD Consejeria

Para obtener ayuda adicional, el Departamento de Vivienda y Desarrollo Urbano ("HUD") de Estados Unidos, que es una agencia del gobierno, patrocina agencias de asesoria de vivienda en todo el pais que le puede proporcionar asesoramiento sobre las alternativas de ejecución hipotecaria, las cuestiones presupuestarias, e incluso la asistencia con la comprension de este aviso. No hay que pagar por este servicio. Si desea ayuda, puede ponerse en contacto con un asesor de vivienda aprobado por HUD llamando al 1-800-569-4287 o puede llegar a la Linea Directa de HOPE al 1-888-995-HOPE. También puede visitar el sitio web de HUD en http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

Attention Servicemembers and Dependents

Servicemember on "active duty" or "active service", or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC §§ 3901-4043) (SCRA).  If you are entitled to or have questions as to whether you are entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal or call 1-800-342-9647 to find out more information.  You can also contact us at 1-888-820-6474 if you have any questions about your rights under SCRA.

Requests for Information and Notices of Error, including Qualified Written Requests

If you wish to request information or assert an error relating to the servicing of your mortgage loan, including any Qualified Written Requests, you must use the address below and include your name, your mortgage loan account number, property address and a statement of either the information you are requesting or the error you believe has occurred.

PHH Mortgage Services
Post Office Box 66002
Lawrenceville, NJ 08648



DELIVERED ELECTRONICALLY

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

September 6, 2022

Account Number: █████████

PEGGY JEAN JONES
KEITH ANTHONY JONES
367 JAMISON RD
HOLLY SPRINGS MS 38635-8339

**Property Address:**
367 JAMISON RD
HOLLY SPRINGS MS 38635-8339

## NOTIFICATION OF PAYMENT DEFERRAL

Dear Customer(s),



**Why We Are Sending This Letter**

We previously approved this account for a **Temporary Hardship Forbearance Plan ("Forbearance Plan")** due to a financial hardship related to COVID-19.

We are pleased to inform you that this account has also been approved for a **Payment Deferral** in order to provide additional time to make payments given these challenging times.

In accordance with the terms of this **Payment Deferral:**

- All unpaid monthly payments that were originally due on or before 8/31/2022 are no longer due at the end of the Forbearance Plan.  Instead, this amount of $600.96 is now due on 7/1/2036 or upon loan payoff, whichever comes first**.**
- This account is now current through 8/31/2022.



**What You Need to Do?**

**No further action is required to accept this Payment Deferral or to continue on the Forbearance Plan.** If you wish to decline this payment deferral, please call us to discuss your situation.

This notice changes only the due date of the deferred amounts outlined above. All remaining terms of the previously-approved Forbearance Plan remain unchanged (see next page for recap of Forbearance Plan terms).



**What We Will Do**

During the term of the Forbearance Plan, we will not assess late fees, nor will we report the account as delinquent to credit bureaus or initiate any foreclosure proceedings.

**Before the end of the Forbearance Plan, we will contact you** and if you are still experiencing a hardship at that time, we can discuss additional options which may include any available forbearance extensions, repayment plan, a payment deferral or other loan modification options.



DELIVERED ELECTRONICALLY

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

We hope that this Payment Deferral helps relieve some of the stress associated with the hardship you are experiencing as a result of COVID-19 and allows you to focus on taking care of yourself and your loved ones. If you have questions, please call us at 1-888-820-6474. Information can also be found online at www.MortgageQuestions.com.

For any questions, please contact our Customer Care Center at 1-888-820-6474 Monday through Friday from 8:00 am to 9:00 pm and Saturday from 8:00 am to 5:00 pm ET. Depending on the status of the account, specific information may also be available online at www.MortgageQuestions.com.

Sincerely,
Loan Servicing



DELIVERED ELECTRONICALLY

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

**IMPORTANT INFORMATION REGARDING THE FORBEARANCE PLAN AND PAYMENT DEFERRAL**

- The remaining monthly payments that were forborne under the Forbearance Plan and not deferred as part of this, or any prior, Payment Deferral will continue to be due as outlined in the Temporary Hardship Forbearance Plan Agreement letter we sent.  Key terms of this plan:

  - Next Due Date: 12/1/2022

  - Number of monthly payments due on Next Due Date: 4

  - Amount Due on Next Due Date: $2403.84

  - Upon completion of the Forbearance Plan and beginning on the Next Due Date, the obligation to pay the regular monthly mortgage payments will resume

  - All other account terms remain unchanged during the Forbearance Plan

- Please note that the Amount Due on Next Due Date is approximate and may not account for any increase or decrease to the regular monthly mortgage payment during the Forbearance Plan period, such as those resulting from an escrow analysis or an ARM adjustment.

- If the account previously included a deferred balance, this Payment Deferral is in addition to, and does not replace or relieve the obligation to pay, such previously-deferred amounts.  Accordingly, the total deferred balance on the account now includes such previously-deferred amounts, together with those payment(s) being deferred in accordance with the Payment Deferral described herein.

- Any bankruptcy filing during the Forbearance Plan period may void the Forbearance Plan.

- The obligation to pay the monthly mortgage payment will continue to be suspended until the Next Due Date described above. However, we will continue to accept **voluntary** payments before the Next Due Date and any such payment that is received after the date of this notice will be applied toward the monthly payment due.

- Information regarding the next monthly account statement:

  - Because this Payment Deferral defers the obligation to make the payment(s) described herein to a date in the future, the next monthly account statement will reflect that these amounts are no longer "Past Due Payment(s)."

  - These amounts will, instead, be included in the "Deferred Balance" reflected on the monthly account statement (together with any pre-existing deferred amounts).

  - Although the "Deferred Balance" may be displayed as a sub-set of the "Outstanding Principal Balance," the payment(s) being deferred under this Payment Deferral will not accrue additional interest and, in future monthly account statements, we will be adjusting the heading that reads "Outstanding Principal Balance" to "Outstanding Balance" in order to avoid any confusion.

  - For escrowed loans, the monthly account statement will also reflect an "Escrow Deposit" in the "Transaction Activity" section.  Because the obligation to pay the monthly payment(s) described herein (which includes the escrow component of such payment(s)) has been deferred to a date in the future, we have made an advance to the escrow account in order to keep it funded and avoid a shortage as a result of the deferred payment(s), which could have resulted in an increase to the monthly payment after the next escrow analysis.  However, our advancement and deposit of these funds into the escrow account does not in any way waive or release the obligation to pay these amounts in the future when the deferred payment(s) are due.

INTERNET REPRINT



C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

## Other Important Information

HUD Counseling

For additional assistance, the United States Department of Housing and Urban Development ("HUD"), which is a government agency, sponsors housing counseling agencies throughout the country that can provide you advice on foreclosure alternatives, budgetary issues, and even assistance with understanding this notice.  There is no fee for this service. If you would like assistance, you can contact a HUD-approved housing counselor by calling 1-800-569-4287 or you can reach the HOPE Hotline number at 1-888-995-HOPE.  You may also visit the HUD website at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

HUD Consejeria

Para obtener ayuda adicional, el Departamento de Vivienda y Desarrollo Urbano ("HUD") de Estados Unidos, que es una agencia del gobierno, patrocina agencias de asesoría de vivienda en todo el país que le puede proporcionar asesoramiento sobre las alternativas de ejecución hipotecaria, las cuestiones presupuestarias, e incluso la asistencia con la comprension de este aviso. No hay que pagar por este servicio. Si desea ayuda, puede ponerse en contacto con un asesor de vivienda aprobado por HUD llamando al 1-800-569-4287 o puede llegar a la Linea Directa de HOPE al 1-888-995-HOPE. También puede visitar el sitio web de HUD en http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

Attention Servicemembers and Dependents

Servicemember on "active duty" or "active service", or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC §§ 3901-4043) (SCRA).  If you are entitled to or have questions as to whether you are entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal or call 1-800-342-9647 to find out more information.  You can also contact us at 1-888-820-6474 if you have any questions about your rights under SCRA.

Requests for Information and Notices of Error, including Qualified Written Requests

If you wish to request information or assert an error relating to the servicing of your mortgage loan, including any Qualified Written Requests, you must use the address below and include your name, your mortgage loan account number, property address and a statement of either the information you are requesting or the error you believe has occurred.

PHH Mortgage Services
Post Office Box 66002
Lawrenceville, NJ 08648

# newrez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

DELIVERED ELECTRONICALLY

August 3, 2022                                                                                         Account Number: ▮▮▮▮▮

PEGGY JEAN JONES                                               **Property Address:**
KEITH ANTHONY JONES                                           367 JAMISON RD
367 JAMISON RD                                                HOLLY SPRINGS MS 38635-8339
HOLLY SPRINGS MS 38635-8339

## NOTIFICATION OF PAYMENT DEFERRAL

Dear Customer(s),



### Why We Are Sending This Letter

We previously approved this account for a **Temporary Hardship Forbearance Plan ("Forbearance Plan")** due to a financial hardship related to COVID-19.

We are pleased to inform you that this account has also been approved for a **Payment Deferral** in order to provide additional time to make payments given these challenging times.

In accordance with the terms of this **Payment Deferral:**

- All unpaid monthly payments that were originally due on or before 7/31/2022 are no longer due at the end of the Forbearance Plan.  Instead, this amount of $600.96 is now due on 7/1/2036 or upon loan payoff, whichever comes first**.**

- This account is now current through 7/31/2022.



### What You Need to Do?

**No further action is required to accept this Payment Deferral or to continue on the Forbearance Plan.** If you wish to decline this payment deferral, please call us to discuss your situation.

This notice changes only the due date of the deferred amounts outlined above. All remaining terms of the previously-approved Forbearance Plan remain unchanged (see next page for recap of Forbearance Plan terms).



### What We Will Do

During the term of the Forbearance Plan, we will not assess late fees, nor will we report the account as delinquent to credit bureaus or initiate any foreclosure proceedings.

**Before the end of the Forbearance Plan, we will contact you** and if you are still experiencing a hardship at that time, we can discuss additional options which may include any available forbearance extensions, repayment plan, a payment deferral or other loan modification options.



DELIVERED ELECTRONICALLY

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

We hope that this Payment Deferral helps relieve some of the stress associated with the hardship you are experiencing as a result of COVID-19 and allows you to focus on taking care of yourself and your loved ones. If you have questions, please call us at 1-888-820-6474. Information can also be found online at www.MortgageQuestions.com.

For any questions, please contact our Customer Care Center at 1-888-820-6474 Monday through Friday from 8:00 am to 9:00 pm and Saturday from 8:00 am to 5:00 pm ET. Depending on the status of the account, specific information may also be available online at www.MortgageQuestions.com.

Sincerely,
Loan Servicing

INTERNET REPRINT

DELIVERED ELECTRONICALLY



C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

## IMPORTANT INFORMATION REGARDING THE FORBEARANCE PLAN AND PAYMENT DEFERRAL

- The remaining monthly payments that were forborne under the Forbearance Plan and not deferred as part of this, or any prior, Payment Deferral will continue to be due as outlined in the Temporary Hardship Forbearance Plan Agreement letter we sent.  Key terms of this plan:

  - Next Due Date: 9/1/2022

  - Number of monthly payments due on Next Due Date: 2

  - Amount Due on Next Due Date: $1201.92

  - Upon completion of the Forbearance Plan and beginning on the Next Due Date, the obligation to pay the regular monthly mortgage payments will resume

  - All other account terms remain unchanged during the Forbearance Plan

- Please note that the Amount Due on Next Due Date is approximate and may not account for any increase or decrease to the regular monthly mortgage payment during the Forbearance Plan period, such as those resulting from an escrow analysis or an ARM adjustment.

- If the account previously included a deferred balance, this Payment Deferral is in addition to, and does not replace or relieve the obligation to pay, such previously-deferred amounts.  Accordingly, the total deferred balance on the account now includes such previously-deferred amounts, together with those payment(s) being deferred in accordance with the Payment Deferral described herein.

- Any bankruptcy filing during the Forbearance Plan period may void the Forbearance Plan.

- The obligation to pay the monthly mortgage payment will continue to be suspended until the Next Due Date described above. However, we will continue to accept **voluntary** payments before the Next Due Date and any such payment that is received after the date of this notice will be applied toward the monthly payment due.

- Information regarding the next monthly account statement:

  - Because this Payment Deferral defers the obligation to make the payment(s) described herein to a date in the future, the next monthly account statement will reflect that these amounts are no longer "Past Due Payment(s)."

  - These amounts will, instead, be included in the "Deferred Balance" reflected on the monthly account statement (together with any pre-existing deferred amounts).

  - Although the "Deferred Balance" may be displayed as a sub-set of the "Outstanding Principal Balance," the payment(s) being deferred under this Payment Deferral will not accrue additional interest and, in future monthly account statements, we will be adjusting the heading that reads "Outstanding Principal Balance" to "Outstanding Balance" in order to avoid any confusion.

  - For escrowed loans, the monthly account statement will also reflect an "Escrow Deposit" in the "Transaction Activity" section.  Because the obligation to pay the monthly payment(s) described herein (which includes the escrow component of such payment(s)) has been deferred to a date in the future, we have made an advance to the escrow account in order to keep it funded and avoid a shortage as a result of the deferred payment(s), which could have resulted in an increase to the monthly payment after the next escrow analysis.  However, our advancement and deposit of these funds into the escrow account does not in any way waive or release the obligation to pay these amounts in the future when the deferred payment(s) are due.

INTERNET REPRINT



DELIVERED ELECTRONICALLY

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

| **Other Important Information** |
| --- |



**HUD Counseling**

For additional assistance, the United States Department of Housing and Urban Development ("HUD"), which is a government agency, sponsors housing counseling agencies throughout the country that can provide you advice on foreclosure alternatives, budgetary issues, and even assistance with understanding this notice.  There is no fee for this service. If you would like assistance, you can contact a HUD-approved housing counselor by calling 1-800-569-4287 or you can reach the HOPE Hotline number at 1-888-995-HOPE.  You may also visit the HUD website at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

**HUD Consejeria**

Para obtener ayuda adicional, el Departamento de Vivienda y Desarrollo Urbano ("HUD") de Estados Unidos, que es una agencia del gobierno, patrocina agencias de asesoria de vivienda en todo el pais que le puede proporcionar asesoramiento sobre las alternativas de ejecución hipotecaria, las cuestiones presupuestarias, e incluso la asistencia con la comprension de este aviso. No hay que pagar por este servicio. Si desea ayuda, puede ponerse en contacto con un asesor de vivienda aprobado por HUD llamando al 1-800-569-4287 o puede llegar a la Linea Directa de HOPE al 1-888-995-HOPE. También puede visitar el sitio web de HUD en http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

**Attention Servicemembers and Dependents**

Servicemember on "active duty" or "active service", or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC §§ 3901-4043) (SCRA).  If you are entitled to or have questions as to whether you are entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal or call 1-800-342-9647 to find out more information.  You can also contact us at 1-888-820-6474 if you have any questions about your rights under SCRA.

**Requests for Information and Notices of Error, including Qualified Written Requests**

If you wish to request information or assert an error relating to the servicing of your mortgage loan, including any Qualified Written Requests, you must use the address below and include your name, your mortgage loan account number, property address and a statement of either the information you are requesting or the error you believe has occurred.

PHH Mortgage Services
Post Office Box 66002
Lawrenceville, NJ 08648

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

July 5, 2022

Account Number: ███████

DELIVERED ELECTRONICALLY



PEGGY JEAN JONES
KEITH ANTHONY JONES
367 JAMISON RD
HOLLY SPRINGS MS 38635-8339

**Property Address:**
367 JAMISON RD
HOLLY SPRINGS MS 38635-8339

# NOTIFICATION OF PAYMENT DEFERRAL

Dear Customer(s),



**Why We Are Sending This Letter**

We previously approved this account for a **Temporary Hardship Forbearance Plan ("Forbearance Plan")** due to a financial hardship related to COVID-19.

We are pleased to inform you that this account has also been approved for a **Payment Deferral** in order to provide additional time to make payments given these challenging times.

In accordance with the terms of this **Payment Deferral:**

- All unpaid monthly payments that were originally due on or before 06/30/2022 are no longer due at the end of the Forbearance Plan.  Instead, this amount of $600.96 is now due on 07/01/2036 or upon loan payoff, whichever comes first**.**

- This account is now current through 06/30/2022.



**What You Need to Do?**

**No further action is required to accept this Payment Deferral or to continue on the Forbearance Plan.** If you wish to decline this payment deferral, please call us to discuss your situation.

This notice changes only the due date of the deferred amounts outlined above. All remaining terms of the previously-approved Forbearance Plan remain unchanged (see next page for recap of Forbearance Plan terms).



**What We Will Do**

During the term of the Forbearance Plan, we will not assess late fees, nor will we report the account as delinquent to credit bureaus or initiate any foreclosure proceedings.

**Before the end of the Forbearance Plan, we will contact you** and if you are still experiencing a hardship at that time, we can discuss additional options which may include any available forbearance extensions, repayment plan, a payment deferral or other loan modification options.



C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

DELIVERED ELECTRONICALLY

We hope that this Payment Deferral helps relieve some of the stress associated with the hardship you are experiencing as a result of COVID-19 and allows you to focus on taking care of yourself and your loved ones. If you have questions, please call us at 1-888-820-6474. Information can also be found online at www.MortgageQuestions.com.

For any questions, please contact our Customer Care Center at 1-888-820-6474 Monday through Friday from 8:00 am to 9:00 pm and Saturday from 8:00 am to 5:00 pm ET. Depending on the status of the account, specific information may also be available online at www.MortgageQuestions.com.

Sincerely,
Loan Servicing

DELIVERED ELECTRONICALLY



C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

**IMPORTANT INFORMATION REGARDING THE FORBEARANCE PLAN AND PAYMENT DEFERRAL**

- The remaining monthly payments that were forborne under the Forbearance Plan and not deferred as part of this, or any prior, Payment Deferral will continue to be due as outlined in the Temporary Hardship Forbearance Plan Agreement letter we sent.  Key terms of this plan:

  - Next Due Date: 09/01/2022

  - Number of monthly payments due on Next Due Date: 3

  - Amount Due on Next Due Date: $1802.88

  - Upon completion of the Forbearance Plan and beginning on the Next Due Date, the obligation to pay the regular monthly mortgage payments will resume

  - All other account terms remain unchanged during the Forbearance Plan

- Please note that the Amount Due on Next Due Date is approximate and may not account for any increase or decrease to the regular monthly mortgage payment during the Forbearance Plan period, such as those resulting from an escrow analysis or an ARM adjustment.

- If the account previously included a deferred balance, this Payment Deferral is in addition to, and does not replace or relieve the obligation to pay, such previously-deferred amounts.  Accordingly, the total deferred balance on the account now includes such previously-deferred amounts, together with those payment(s) being deferred in accordance with the Payment Deferral described herein.

- Any bankruptcy filing during the Forbearance Plan period may void the Forbearance Plan.

- The obligation to pay the monthly mortgage payment will continue to be suspended until the Next Due Date described above. However, we will continue to accept **voluntary** payments before the Next Due Date and any such payment that is received after the date of this notice will be applied toward the monthly payment due.

- Information regarding the next monthly account statement:

  - Because this Payment Deferral defers the obligation to make the payment(s) described herein to a date in the future, the next monthly account statement will reflect that these amounts are no longer "Past Due Payment(s)."

  - These amounts will, instead, be included in the "Deferred Balance" reflected on the monthly account statement (together with any pre-existing deferred amounts).

  - Although the "Deferred Balance" may be displayed as a sub-set of the "Outstanding <u>Principal</u> Balance," the payment(s) being deferred under this Payment Deferral will not accrue additional interest and, in future monthly account statements, we will be adjusting the heading that reads "Outstanding Principal Balance" to "Outstanding Balance" in order to avoid any confusion.

  - For escrowed loans, the monthly account statement will also reflect an "Escrow Deposit" in the "Transaction Activity" section.  Because the obligation to pay the monthly payment(s) described herein (which includes the escrow component of such payment(s)) has been deferred to a date in the future, we have made an advance to the escrow account in order to keep it funded and avoid a shortage as a result of the deferred payment(s), which could have resulted in an increase to the monthly payment after the next escrow analysis.  However, our advancement and deposit of these funds into the escrow account does not in any way waive or release the obligation to pay these amounts in the future when the deferred payment(s) are due.

INTERNET REPRINT



DELIVERED ELECTRONICALLY

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

## Other Important Information

**HUD Counseling**

For additional assistance, the United States Department of Housing and Urban Development ("HUD"), which is a government agency, sponsors housing counseling agencies throughout the country that can provide you advice on foreclosure alternatives, budgetary issues, and even assistance with understanding this notice.  There is no fee for this service. If you would like assistance, you can contact a HUD-approved housing counselor by calling 1-800-569-4287 or you can reach the HOPE Hotline number at 1-888-995-HOPE.  You may also visit the HUD website at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

**HUD Consejeria**

Para obtener ayuda adicional, el Departamento de Vivienda y Desarrollo Urbano ("HUD") de Estados Unidos, que es una agencia del gobierno, patrocina agencias de asesoria de vivienda en todo el pais que le puede proporcionar asesoramiento sobre las alternativas de ejecución hipotecaria, las cuestiones presupuestarias, e incluso la asistencia con la comprension de este aviso. No hay que pagar por este servicio. Si desea ayuda, puede ponerse en contacto con un asesor de vivienda aprobado por HUD llamando al 1-800-569-4287 o puede llegar a la Linea Directa de HOPE al 1-888-995-HOPE. También puede visitar el sitio web de HUD en http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

**Attention Servicemembers and Dependents**

Servicemember on "active duty" or "active service", or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC §§ 3901-4043) (SCRA).  If you are entitled to or have questions as to whether you are entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal or call 1-800-342-9647 to find out more information.  You can also contact us at 1-888-820-6474 if you have any questions about your rights under SCRA.

**Requests for Information and Notices of Error, including Qualified Written Requests**

If you wish to request information or assert an error relating to the servicing of your mortgage loan, including any Qualified Written Requests, you must use the address below and include your name, your mortgage loan account number, property address and a statement of either the information you are requesting or the error you believe has occurred.

PHH Mortgage Services<br>
Post Office Box 66002<br>
Lawrenceville, NJ 08648

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT

# newrez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

June 6, 2022                                                                 Account Number: ███████

PEGGY JEAN JONES
KEITH ANTHONY JONES
367 JAMISON RD
HOLLY SPRINGS MS 38635-8339

**Property Address:**
367 JAMISON RD
HOLLY SPRINGS MS 38635-8339

## NOTIFICATION OF PAYMENT DEFERRAL

Dear Customer(s),



**Why We Are Sending This Letter**

We previously approved this account for a **Temporary Hardship Forbearance Plan ("Forbearance Plan")** due to a financial hardship related to COVID-19.

We are pleased to inform you that this account has also been approved for a **Payment Deferral** in order to provide additional time to make payments given these challenging times.

In accordance with the terms of this **Payment Deferral:**

- All unpaid monthly payments that were originally due on or before 05/31/2022 are no longer due at the end of the Forbearance Plan.  Instead, this amount of $600.96 is now due on 07/01/2036 or upon loan payoff, whichever comes first**.**
- This account is now current through 05/31/2022.



**What You Need to Do?**

**No further action is required to accept this Payment Deferral or to continue on the Forbearance Plan.** If you wish to decline this payment deferral, please call us to discuss your situation.

This notice changes only the due date of the deferred amounts outlined above. All remaining terms of the previously-approved Forbearance Plan remain unchanged (see next page for recap of Forbearance Plan terms).



**What We Will Do**

During the term of the Forbearance Plan, we will not assess late fees, nor will we report the account as delinquent to credit bureaus or initiate any foreclosure proceedings.

**Before the end of the Forbearance Plan, we will contact you** and if you are still experiencing a hardship at that time, we can discuss additional options which may include any available forbearance extensions, repayment plan, a payment deferral or other loan modification options.

---

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT



C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

We hope that this Payment Deferral helps relieve some of the stress associated with the hardship you are experiencing as a result of COVID-19 and allows you to focus on taking care of yourself and your loved ones. If you have questions, please call us at 1-888-820-6474. Information can also be found online at www.MortgageQuestions.com.

For any questions, please contact our Customer Care Center at 1-888-820-6474 Monday through Friday from 8:00 am to 9:00 pm and Saturday from 8:00 am to 5:00 pm ET. Depending on the status of the account, specific information may also be available online at www.MortgageQuestions.com.

Sincerely,
Loan Servicing

INTERNET REPRINT

**newrez**

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

**IMPORTANT INFORMATION REGARDING THE FORBEARANCE PLAN AND PAYMENT DEFERRAL**

- The remaining monthly payments that were forborne under the Forbearance Plan and not deferred as part of this, or any prior, Payment Deferral will continue to be due as outlined in the Temporary Hardship Forbearance Plan Agreement letter we sent.  Key terms of this plan:

  - Next Due Date: 09/01/2022

  - Number of monthly payments due on Next Due Date: 4

  - Amount Due on Next Due Date: $2403.84

  - Upon completion of the Forbearance Plan and beginning on the Next Due Date, the obligation to pay the regular monthly mortgage payments will resume

  - All other account terms remain unchanged during the Forbearance Plan

- Please note that the Amount Due on Next Due Date is approximate and may not account for any increase or decrease to the regular monthly mortgage payment during the Forbearance Plan period, such as those resulting from an escrow analysis or an ARM adjustment.

- If the account previously included a deferred balance, this Payment Deferral is in addition to, and does not replace or relieve the obligation to pay, such previously-deferred amounts.  Accordingly, the total deferred balance on the account now includes such previously-deferred amounts, together with those payment(s) being deferred in accordance with the Payment Deferral described herein.

- Any bankruptcy filing during the Forbearance Plan period may void the Forbearance Plan.

- The obligation to pay the monthly mortgage payment will continue to be suspended until the Next Due Date described above. However, we will continue to accept **voluntary** payments before the Next Due Date and any such payment that is received after the date of this notice will be applied toward the monthly payment due.

- Information regarding the next monthly account statement:

  - Because this Payment Deferral defers the obligation to make the payment(s) described herein to a date in the future, the next monthly account statement will reflect that these amounts are no longer "Past Due Payment(s)."

  - These amounts will, instead, be included in the "Deferred Balance" reflected on the monthly account statement (together with any pre-existing deferred amounts).

  - Although the "Deferred Balance" may be displayed as a sub-set of the "Outstanding Principal Balance," the payment(s) being deferred under this Payment Deferral will not accrue additional interest and, in future monthly account statements, we will be adjusting the heading that reads "Outstanding Principal Balance" to "Outstanding Balance" in order to avoid any confusion.

  - For escrowed loans, the monthly account statement will also reflect an "Escrow Deposit" in the "Transaction Activity" section.  Because the obligation to pay the monthly payment(s) described herein (which includes the escrow component of such payment(s)) has been deferred to a date in the future, we have made an advance to the escrow account in order to keep it funded and avoid a shortage as a result of the deferred payment(s), which could have resulted in an increase to the monthly payment after the next escrow analysis.  However, our advancement and deposit of these funds into the escrow account does not in any way waive or release the obligation to pay these amounts in the future when the deferred payment(s) are due.



C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

## Other Important Information

HUD Counseling

For additional assistance, the United States Department of Housing and Urban Development ("HUD"), which is a government agency, sponsors housing counseling agencies throughout the country that can provide you advice on foreclosure alternatives, budgetary issues, and even assistance with understanding this notice.  There is no fee for this service. If you would like assistance, you can contact a HUD-approved housing counselor by calling 1-800-569-4287 or you can reach the HOPE Hotline number at 1-888-995-HOPE.  You may also visit the HUD website at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

HUD Consejeria

Para obtener ayuda adicional, el Departamento de Vivienda y Desarrollo Urbano ("HUD") de Estados Unidos, que es una agencia del gobierno, patrocina agencias de asesoria de vivienda en todo el pais que le puede proporcionar asesoramiento sobre las alternativas de ejecución hipotecaria, las cuestiones presupuestarias, e incluso la asistencia con la comprension de este aviso. No hay que pagar por este servicio. Si desea ayuda, puede ponerse en contacto con un asesor de vivienda aprobado por HUD llamando al 1-800-569-4287 o puede llegar a la Linea Directa de HOPE al 1-888-995-HOPE. También puede visitar el sitio web de HUD en http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

Attention Servicemembers and Dependents

Servicemember on "active duty" or "active service", or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC §§ 3901-4043) (SCRA).  If you are entitled to or have questions as to whether you are entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal or call 1-800-342-9647 to find out more information.  You can also contact us at 1-888-820-6474 if you have any questions about your rights under SCRA.

Requests for Information and Notices of Error, including Qualified Written Requests

If you wish to request information or assert an error relating to the servicing of your mortgage loan, including any Qualified Written Requests, you must use the address below and include your name, your mortgage loan account number, property address and a statement of either the information you are requesting or the error you believe has occurred.

PHH Mortgage Services
Post Office Box 66002
Lawrenceville, NJ 08648

REPRESENTATION OF PRINTED DOCUMENT

**newrez**

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

May 4, 2022                                                                                     Account Number: █████

PEGGY JEAN JONES
KEITH ANTHONY JONES
367 JAMISON RD
HOLLY SPRINGS MS 38635-8339

**Property Address:**
367 JAMISON RD
HOLLY SPRINGS MS 38635-8339

## NOTIFICATION OF PAYMENT DEFERRAL

Dear Customer(s),

We previously approved this account for a **Temporary Hardship Forbearance Plan ("Forbearance Plan")** due to a financial hardship related to COVID-19.



**Why We Are Sending This Letter**

We are pleased to inform you that this account has also been approved for a **Payment Deferral** in order to provide additional time to make payments given these challenging times.

In accordance with the terms of this **Payment Deferral**:

- All unpaid monthly payments that were originally due on or before 04/30/2022 are no longer due at the end of the Forbearance Plan.  Instead, this amount of $573.63 is now due on 07/01/2036 or upon loan payoff, whichever comes first**.**

- This account is now current through 04/30/2022.



**What You Need to Do?**

**No further action is required to accept this Payment Deferral or to continue on the Forbearance Plan.** If you wish to decline this payment deferral, please call us to discuss your situation.

This notice changes only the due date of the deferred amounts outlined above. All remaining terms of the previously-approved Forbearance Plan remain unchanged (see next page for recap of Forbearance Plan terms).



**What We Will Do**

During the term of the Forbearance Plan, we will not assess late fees, nor will we report the account as delinquent to credit bureaus or initiate any foreclosure proceedings.

**Before the end of the Forbearance Plan, we will contact you** and if you are still experiencing a hardship at that time, we can discuss additional options which may include any available forbearance extensions, repayment plan, a payment deferral or other loan modification options.

INTERNET REPRINT



C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

We hope that this Payment Deferral helps relieve some of the stress associated with the hardship you are experiencing as a result of COVID-19 and allows you to focus on taking care of yourself and your loved ones. If you have questions, please call us at 1-888-820-6474. Information can also be found online at www.MortgageQuestions.com.

For any questions, please contact our Customer Care Center at 1-888-820-6474 Monday through Friday from 8:00 am to 9:00 pm and Saturday from 8:00 am to 5:00 pm ET. Depending on the status of the account, specific information may also be available online at www.MortgageQuestions.com.

Sincerely,
Loan Servicing

**newrez**

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

### IMPORTANT INFORMATION REGARDING THE FORBEARANCE PLAN AND PAYMENT DEFERRAL

- The remaining monthly payments that were forborne under the Forbearance Plan and not deferred as part of this, or any prior, Payment Deferral will continue to be due as outlined in the Temporary Hardship Forbearance Plan Agreement letter we sent.  Key terms of this plan:

  - Next Due Date: 06/01/2022

  - Number of monthly payments due on Next Due Date: 2

  - Amount Due on Next Due Date: $1147.26

  - Upon completion of the Forbearance Plan and beginning on the Next Due Date, the obligation to pay the regular monthly mortgage payments will resume

  - All other account terms remain unchanged during the Forbearance Plan

- Please note that the Amount Due on Next Due Date is approximate and may not account for any increase or decrease to the regular monthly mortgage payment during the Forbearance Plan period, such as those resulting from an escrow analysis or an ARM adjustment.

- If the account previously included a deferred balance, this Payment Deferral is in addition to, and does not replace or relieve the obligation to pay, such previously-deferred amounts.  Accordingly, the total deferred balance on the account now includes such previously-deferred amounts, together with those payment(s) being deferred in accordance with the Payment Deferral described herein.

- Any bankruptcy filing during the Forbearance Plan period may void the Forbearance Plan.

- The obligation to pay the monthly mortgage payment will continue to be suspended until the Next Due Date described above. However, we will continue to accept **voluntary** payments before the Next Due Date and any such payment that is received after the date of this notice will be applied toward the monthly payment due.

- Information regarding the next monthly account statement:

  - Because this Payment Deferral defers the obligation to make the payment(s) described herein to a date in the future, the next monthly account statement will reflect that these amounts are no longer "Past Due Payment(s)."

  - These amounts will, instead, be included in the "Deferred Balance" reflected on the monthly account statement (together with any pre-existing deferred amounts).

  - Although the "Deferred Balance" may be displayed as a sub-set of the "Outstanding Principal Balance," the payment(s) being deferred under this Payment Deferral will not accrue additional interest and, in future monthly account statements, we will be adjusting the heading that reads "Outstanding Principal Balance" to "Outstanding Balance" in order to avoid any confusion.

  - For escrowed loans, the monthly account statement will also reflect an "Escrow Deposit" in the "Transaction Activity" section.  Because the obligation to pay the monthly payment(s) described herein (which includes the escrow component of such payment(s)) has been deferred to a date in the future, we have made an advance to the escrow account in order to keep it funded and avoid a shortage as a result of the deferred payment(s), which could have resulted in an increase to the monthly payment after the next escrow analysis.  However, our advancement and deposit of these funds into the escrow account does not in any way waive or release the obligation to pay these amounts in the future when the deferred payment(s) are due.

**newrez**

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

## Other Important Information

HUD Counseling

For additional assistance, the United States Department of Housing and Urban Development ("HUD"), which is a government agency, sponsors housing counseling agencies throughout the country that can provide you advice on foreclosure alternatives, budgetary issues, and even assistance with understanding this notice.  There is no fee for this service. If you would like assistance, you can contact a HUD-approved housing counselor by calling 1-800-569-4287 or you can reach the HOPE Hotline number at 1-888-995-HOPE.  You may also visit the HUD website at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

HUD Consejeria

Para obtener ayuda adicional, el Departamento de Vivienda y Desarrollo Urbano ("HUD") de Estados Unidos, que es una agencia del gobierno, patrocina agencias de asesoria de vivienda en todo el pais que le puede proporcionar asesoramiento sobre las alternativas de ejecución hipotecaria, las cuestiones presupuestarias, e incluso la asistencia con la comprension de este aviso. No hay que pagar por este servicio. Si desea ayuda, puede ponerse en contacto con un asesor de vivienda aprobado por HUD llamando al 1-800-569-4287 o puede llegar a la Linea Directa de HOPE al 1-888-995-HOPE. También puede visitar el sitio web de HUD en http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

Attention Servicemembers and Dependents

Servicemember on "active duty" or "active service", or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC §§ 3901-4043) (SCRA).  If you are entitled to or have questions as to whether you are entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal or call 1-800-342-9647 to find out more information.  You can also contact us at 1-888-820-6474 if you have any questions about your rights under SCRA.

Requests for Information and Notices of Error, including Qualified Written Requests

If you wish to request information or assert an error relating to the servicing of your mortgage loan, including any Qualified Written Requests, you must use the address below and include your name, your mortgage loan account number, property address and a statement of either the information you are requesting or the error you believe has occurred.

PHH Mortgage Services
Post Office Box 66002
Lawrenceville, NJ 08648

REPRESENTATION OF PRINTED DOCUMENT

**newrez**

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

April 6, 2022                                                                Account Number: ███████

PEGGY JEAN JONES
KEITH ANTHONY JONES
367 JAMISON RD
HOLLY SPRINGS MS 38635-8339

**Property Address:**
367  JAMISON RD
HOLLY SPRINGS MS 38635-8339

## NOTIFICATION OF PAYMENT DEFERRAL

Dear Customer(s),



**Why We Are Sending This Letter**

We previously approved this account for a **Temporary Hardship Forbearance Plan ("Forbearance Plan")** due to a financial hardship related to COVID-19.

We are pleased to inform you that this account has also been approved for a **Payment Deferral** in order to provide additional time to make payments given these challenging times.

In accordance with the terms of this **Payment Deferral:**

- All unpaid monthly payments that were originally due on or before 03/31/2022 are no longer due at the end of the Forbearance Plan.  Instead, this amount of $573.63 is now due on 07/01/2036 or upon loan payoff, whichever comes first**.**

- This account is now current through 03/31/2022.



**What You Need to Do?**

**No further action is required to accept this Payment Deferral or to continue on the Forbearance Plan.** If you wish to decline this payment deferral, please call us to discuss your situation.

This notice changes only the due date of the deferred amounts outlined above. All remaining terms of the previously-approved Forbearance Plan remain unchanged (see next page for recap of Forbearance Plan terms).



**What We Will Do**

During the term of the Forbearance Plan, we will not assess late fees, nor will we report the account as delinquent to credit bureaus or initiate any foreclosure proceedings.

**Before the end of the Forbearance Plan, we will contact you** and if you are still experiencing a hardship at that time, we can discuss additional options which may include any available forbearance extensions, repayment plan, a payment deferral or other loan modification options.

INTERNET REPRINT

# newrez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

We hope that this Payment Deferral helps relieve some of the stress associated with the hardship you are experiencing as a result of COVID-19 and allows you to focus on taking care of yourself and your loved ones. If you have questions, please call us at 1-888-820-6474. Information can also be found online at www.MortgageQuestions.com.

For any questions, please contact our Customer Care Center at 1-888-820-6474 Monday through Friday from 8:00 AM to 9:00 PM and Saturday from 8:00 AM to 5:00 PM ET. Depending on the status of the account, specific information may also be available online at www.MortgageQuestions.com.

Sincerely,
Loan Servicing

**newrez**

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

## IMPORTANT INFORMATION REGARDING THE FORBEARANCE PLAN AND PAYMENT DEFERRAL

- The remaining monthly payments that were forborne under the Forbearance Plan and not deferred as part of this, or any prior, Payment Deferral will continue to be due as outlined in the Temporary Hardship Forbearance Plan Agreement letter we sent.  Key terms of this plan:

  - Next Due Date: 06/01/2022

  - Number of monthly payments due on Next Due Date: 3

  - Amount Due on Next Due Date: $1720.89

  - Upon completion of the Forbearance Plan and beginning on the Next Due Date, the obligation to pay the regular monthly mortgage payments will resume

  - All other account terms remain unchanged during the Forbearance Plan

- Please note that the Amount Due on Next Due Date is approximate and may not account for any increase or decrease to the regular monthly mortgage payment during the Forbearance Plan period, such as those resulting from an escrow analysis or an ARM adjustment.

- If the account previously included a deferred balance, this Payment Deferral is in addition to, and does not replace or relieve the obligation to pay, such previously-deferred amounts.  Accordingly, the total deferred balance on the account now includes such previously-deferred amounts, together with those payment(s) being deferred in accordance with the Payment Deferral described herein.

- Any bankruptcy filing during the Forbearance Plan period may void the Forbearance Plan.

- The obligation to pay the monthly mortgage payment will continue to be suspended until the Next Due Date described above. However, we will continue to accept **voluntary** payments before the Next Due Date and any such payment that is received after the date of this notice will be applied toward the monthly payment due.

- Information regarding the next monthly account statement:

  - Because this Payment Deferral defers the obligation to make the payment(s) described herein to a date in the future, the next monthly account statement will reflect that these amounts are no longer "Past Due Payment(s)."

  - These amounts will, instead, be included in the "Deferred Balance" reflected on the monthly account statement (together with any pre-existing deferred amounts).

  - Although the "Deferred Balance" may be displayed as a sub-set of the "Outstanding <u>Principal</u> Balance," the payment(s) being deferred under this Payment Deferral will not accrue additional interest and, in future monthly account statements, we will be adjusting the heading that reads "Outstanding Principal Balance" to "Outstanding Balance" in order to avoid any confusion.

  - For escrowed loans, the monthly account statement will also reflect an "Escrow Deposit" in the "Transaction Activity" section.  Because the obligation to pay the monthly payment(s) described herein (which includes the escrow component of such payment(s)) has been deferred to a date in the future, we have made an advance to the escrow account in order to keep it funded and avoid a shortage as a result of the deferred payment(s), which could have resulted in an increase to the monthly payment after the next escrow analysis.  However, our advancement and deposit of these funds into the escrow account does not in any way waive or release the obligation to pay these amounts in the future when the deferred payment(s) are due.



C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300



| **Other Important Information** |
|---|

HUD Counseling

For additional assistance, the United States Department of Housing and Urban Development ("HUD"), which is a government agency, sponsors housing counseling agencies throughout the country that can provide you advice on foreclosure alternatives, budgetary issues, and even assistance with understanding this notice.  There is no fee for this service. If you would like assistance, you can contact a HUD-approved housing counselor by calling 1-800-569-4287 or you can reach the HOPE Hotline number at 1-888-995-HOPE.  You may also visit the HUD website at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

HUD Consejeria

Para obtener ayuda adicional, el Departamento de Vivienda y Desarrollo Urbano ("HUD") de Estados Unidos, que es una agencia del gobierno, patrocina agencias de asesoría de vivienda en todo el país que le puede proporcionar asesoramiento sobre las alternativas de ejecución hipotecaria, las cuestiones presupuestarias, e incluso la asistencia con la comprensión de este aviso. No hay que pagar por este servicio. Si desea ayuda, puede ponerse en contacto con un asesor de vivienda aprobado por HUD llamando al 1-800-569-4287 o puede llegar a la Línea Directa de HOPE al 1-888-995-HOPE. También puede visitar el sitio web de HUD en http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

Attention Servicemembers and Dependents

Servicemember on "active duty" or "active service", or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC §§ 3901-4043) (SCRA).  If you are entitled to or have questions as to whether you are entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal or call 1-800-342-9647 to find out more information.  You can also contact us at 1-888-820-6474 if you have any questions about your rights under SCRA.

Requests for Information and Notices of Error, including Qualified Written Requests

If you wish to request information or assert an error relating to the servicing of your mortgage loan, including any Qualified Written Requests, you must use the address below and include your name, your mortgage loan account number, property address and a statement of either the information you are requesting or the error you believe has occurred.

PHH Mortgage Services
Post Office Box 66002
Lawrenceville, NJ 08648

**Fill in this information to identify your case and this filing:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Keith Anthony Jones** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF MISSISSIPPI

Case number

**EXHIBIT 1**

☐ Check if this is an amended filing

Official Form 106A/B

# Schedule A/B: Property                                            12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

   ☐ No. Go to Part 2.
   ☑ Yes.  Where is the property?

| 1.1 | | |
|---|---|---|
| **367 Jamison Rd** | **What is the property?** Check all that apply | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
| Street address, if available, or other description | ☑ Single-family home | |
| | ☐ Duplex or multi-unit building | |
| | ☐ Condominium or cooperative | |
| **Holly Springs    MS    38635-0000** | ☐ Manufactured or mobile home | |
| City    State    ZIP Code | ☐ Land | **Current value of the entire property?**    **Current value of the portion you own?** |
| | ☐ Investment property | **$175,000.00**    **$87,500.00** |
| | ☐ Timeshare | |
| | ☐ Other _____ | **Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.** |
| | **Who has an interest in the property?** Check one | **Fee Simple** |
| **Marshall** | ☐ Debtor 1 only | |
| County | ☐ Debtor 2 only | |
| | ☐ Debtor 1 and Debtor 2 only | ☐ Check if this is community property (see instructions) |
| | ☑ At least one of the debtors and another | |
| | Other information you wish to add about this item, such as local property identification number: | |
| | **Homestead** | |

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.........................................................................=>**

**$87,500.00**

**Part 2:    Describe Your Vehicles**

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

Debtor 1    **Keith Anthony Jones**    Case number *(if known)*

**3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No

■ Yes

| | | | | | |
|---|---|---|---|---|---|

**3.1** Make: **Infinity**

Model: **QX56**

Year: **2005**

Approximate mileage: **230000**

Other information:

**Who has an interest in the property?** Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?

Current value of the portion you own?

**$3,400.00**    **$3,400.00**

**3.2** Make: **Chrysler**

Model: **300**

Year: **2016**

Approximate mileage: **90000**

Other information:

**Who has an interest in the property?** Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?

Current value of the portion you own?

**$10,775.00**    **$10,775.00**

**3.3** Make: **GMC**

Model: **Yukon Denali**

Year: **2014**

Approximate mileage: **210000**

Other information:

**Who has an interest in the property?** Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?

Current value of the portion you own?

**$10,000.00**    **$10,000.00**

**4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No

☐ Yes

**5** Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here...........................................................................................=>    **$24,175.00**

| **Part 3:** | Describe Your Personal and Household Items |
|---|---|

Do you own or have any legal or equitable interest in any of the following items?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

**6. Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware

☐ No

■ Yes.  Describe.....

Home furnishings, appliances and accessories    $3,750.00

Debtor 1    **Keith Anthony Jones**                                          Case number *(if known)* _____

### 7. Electronics

*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices
including cell phones, cameras, media players, games

☐ No

■ Yes.  Describe.....

| | |
|---|---|
| 60" tv ($300), 60" Sanyo tv ($200), laptop ($200), 36" tv ($200), 46" tv ($150) | $1,050.00 |

### 8. Collectibles of value

*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections;
other collections, memorabilia, collectibles

■ No

☐ Yes.  Describe.....

### 9. Equipment for sports and hobbies

*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools;
musical instruments

■ No

☐ Yes.  Describe.....

### 10. Firearms

*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

☐ No

■ Yes.  Describe.....

| | |
|---|---|
| .22 Handgun | $75.00 |

### 11. Clothes

*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories

☐ No

■ Yes.  Describe.....

| | |
|---|---|
| Clothing | $1,000.00 |

### 12. Jewelry

*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

☐ No

■ Yes.  Describe.....

| | |
|---|---|
| Wedding band | $200.00 |

### 13. Non-farm animals

*Examples:* Dogs, cats, birds, horses

■ No

☐ Yes.  Describe.....

### 14. Any other personal and household items you did not already list, including any health aids you did not list

■ No

☐ Yes.  Give specific information.....

15.  **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached
for Part 3. Write that number here** ...........................................................................

| |
|---|
| $6,075.00 |

| **Part 4:** | Describe Your Financial Assets |
|---|---|

**Do you own or have any legal or equitable interest in any of the following?**  | Current value of the portion you own?
Do not deduct secured

| Debtor 1 | **Keith Anthony Jones** | Case number *(if known)* | |

claims or exemptions.

**16. Cash**
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☐ No

■ Yes............................................................

| | Cash | $100.00 |

---

**17. Deposits of money**
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar
institutions. If you have multiple accounts with the same institution, list each.

☐ No

■ Yes.......................

Institution name:

| 17.1. | **Checking** | **Cadence Bank** | $90.00 |

| 17.2. | **Savings** | **Cadence Bank** | $1.28 |

---

**18. Bonds, mutual funds, or publicly traded stocks**
*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

■ No

☐ Yes..................       Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and
joint venture**

■ No

☐ Yes.  Give specific information about them...................
Name of entity:                              % of ownership:

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**
*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

■ No

☐ Yes. Give specific information about them
Issuer name:

**21. Retirement or pension accounts**
*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☐ No

■ Yes. List each account separately.
Type of account:                  Institution name:

| | **401k With employer** | **Unknown** |

---

**22. Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

■ No

☐ Yes. ....................       Institution name or individual:

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

■ No

☐ Yes............       Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

■ No

☐ Yes............       Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

Debtor 1    **Keith Anthony Jones**                                    Case number *(if known)*

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
    ■ No
    ☐ Yes.  Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
    *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
    ■ No
    ☐ Yes.  Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
    *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
    ■ No
    ☐ Yes.  Give specific information about them...

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

28. **Tax refunds owed to you**
    ☐ No
    ■ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

| Tax Refunds | State | $5,000.00 |
|---|---|---|

| Tax Refunds | Federal | $5,000.00 |
|---|---|---|

| Earned income tax credit | | $5,000.00 |
|---|---|---|

29. **Family support**
    *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
    ■ No
    ☐ Yes. Give specific information......

30. **Other amounts someone owes you**
    *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security benefits; unpaid loans you made to someone else
    ■ No
    ☐ Yes. Give specific information..

31. **Interests in insurance policies**
    *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
    ■ No
    ☐ Yes. Name the insurance company of each policy and list its value.
              Company name:                    Beneficiary:              Surrender or refund value:

32. **Any interest in property that is due you from someone who has died**
    If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.
    ■ No
    ☐ Yes.  Give specific information..

| Debtor 1 | Keith Anthony Jones | Case number *(if known)* |
|---|---|---|

**33.** **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
   *Examples:* Accidents, employment disputes, insurance claims, or rights to sue
   ■ No
   ☐ Yes.  Describe each claim.........

**34.** **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
   ■ No
   ☐ Yes.  Describe each claim.........

**35.** **Any financial assets you did not already list**
   ■ No
   ☐ Yes.  Give specific information..

**36.** **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here**.................................................................................................................

$15,191.28

| Part 5: | Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1. |
|---|---|

**37.** **Do you own or have any legal or equitable interest in any business-related property?**
   ☐ No. Go to Part 6.
   ■ Yes.  Go to line 38.

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**38.** **Accounts receivable or commissions you already earned**
   ■ No
   ☐ Yes.  Describe.....

**39.** **Office equipment, furnishings, and supplies**
   *Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices
   ■ No
   ☐ Yes.  Describe.....

**40.** **Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**
   ☐ No
   ■ Yes.  Describe.....

| DJ Equipment | $500.00 |
|---|---|

**41.** **Inventory**
   ■ No
   ☐ Yes.  Describe.....

**42.** **Interests in partnerships or joint ventures**
   ■ No
   ☐ Yes.  Give specific information about them...................
       Name of entity:                    % of ownership:

**43.** **Customer lists, mailing lists, or other compilations**
   ■ No.
   ☐ **Do your lists include personally identifiable information** (as defined in 11 U.S.C. § 101(41A))?

       ■ No

| Debtor 1 | **Keith Anthony Jones** | Case number *(if known)* |
| --- | --- | --- |

☐ Yes.  Describe.....

**44.  Any business-related property you did not already list**

■ No

☐ Yes. Give specific information.........

**45.**  **Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached for Part 5. Write that number here**..................................................................................................................

**$500.00**

| **Part 6:** | **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.** |
| --- | --- |
| | If you own or have an interest in farmland, list it in Part 1. |

**46.  Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

■ No. Go to Part 7.

☐ Yes.  Go to line 47.

| **Part 7:** | **Describe All Property You Own or Have an Interest in That You Did Not List Above** |
| --- | --- |

**53.  Do you have other property of any kind you did not already list?**

*Examples:* Season tickets, country club membership

■ No

☐ Yes. Give specific information.........

**54.  Add the dollar value of all of your entries from Part 7. Write that number here**  .....................................

**$0.00**

| **Part 8:** | **List the Totals of Each Part of this Form** |
| --- | --- |

| 55. | **Part 1: Total real estate, line 2** ......................................................................................... | | | **$87,500.00** |
| --- | --- | --- | --- | --- |
| 56. | **Part 2: Total vehicles, line 5** | | **$24,175.00** | |
| 57. | **Part 3: Total personal and household items, line 15** | | **$6,075.00** | |
| 58. | **Part 4: Total financial assets, line 36** | | **$15,191.28** | |
| 59. | **Part 5: Total business-related property, line 45** | | **$500.00** | |
| 60. | **Part 6: Total farm- and fishing-related property, line 52** | | **$0.00** | |
| 61. | **Part 7: Total other property not listed, line 54** | + | **$0.00** | |
| 62. | **Total personal property.** Add lines 56 through 61... | | **$45,941.28** | Copy personal property total  **$45,941.28** |
| 63. | **Total of all property on Schedule A/B.** Add line 55 + line 62 | | | **$133,441.28** |